UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DELTON GOODRUM<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ALEXANDRIA<br><br>    SERVE:<br>    C T Corporation System, Registered Agent<br>    4701 Cox Road, Suite 285<br>    Glen Allen, Virginia 23060<br><br>Defendant. | Case 1:24-cv-01111-PTG-WEF<br><br>JURY TRIAL DEMAND |

## AMENDED COMPLAINT

Plaintiff Delton Goodrum ("Plaintiff" or "Lt. Goodrum"), by and through his counsel, submits this Complaint against Defendant City of Alexandria ("Defendant" or "City") and alleges as follows:

## NATURE OF ACTION

1. This is an action for damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* ("Title VII"), and the Virginia Human Rights Act, Va. Code § 2.2-3900, *et seq.* ("VHRA") arising from Defendant's discrimination against Lt. Goodrum, an employee of the City of Alexandria Police Department, based on his race, Black. This is also an action for damages under Title VII for unlawful retaliation following Lt. Goodrum's complaint to the City of race-based discrimination.

1

## PARTIES

2. Lt. Goodrum is a member of a protected class based on his race (Black). Lt. Goodrum resides in the Commonwealth of Virginia.

3. Defendant, the City of Alexandria, is a municipal corporation organized under the laws of the Commonwealth of Virginia. The City of Alexandria Police Department is located at 3600 Wheeler Avenue, Alexandria, Virginia 22304.

4. The City employed Lt. Goodrum as a Lieutenant with the Alexandria Police Department at all times relevant to this Complaint.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.

6. Defendant is subject to personal jurisdiction of the Court because it regularly conducts business within this judicial district.

7. Venue is proper in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

*Lt. Goodrum's Employment with the City of Alexandria Police Department*

8. Lt. Goodrum first became employed by the City in April 1996. He earned a promotion to the position of Lieutenant in October 2014.

9. In May 2020, Lt. Goodrum began in his position with the Administrative Services Bureau as the Training and Recruitment Commander.

10. As Training and Recruitment Commander, Lt. Goodrum's duties included the supervision of In-Service training, recruit training, sworn recruitment, and the Field Training Program.

11. Lt. Goodrum supervised one Sergeant, one civilian Training Manager, a Sworn Recruiter and administrative support staff in this position.

*September 2020 Selection Process for Vacant Captain Position*

12. In or around September 2020, Lt. Goodrum sat for the promotional process designed to fill a vacant Captain position advertised internally within the Department.

13. Eligibility for the position required candidates have worked for the Department in the position of Lieutenant for a period of at least three (3) years.

14. As part of the selection process, candidates are ranked into eligibility categories.

15. Per Department policy in effect at that time, Category I candidates have priority over Category II candidates, and Category III candidates are not considered for promotional appointment.

16. In or around December 2020, Lt. Goodrum learned that he and five (5) other candidates had been ranked as Category I with respect to the vacant Captain position.

17. Lt. Goodrum ranked third out of the five (5) candidates the City placed in Category I.

18. Before selection of a candidate occurred, the candidate ranked second among the Category I candidates resigned, and Lt. Goodrum became the second-highest ranked individual who applied for the vacant Captain position.

19. Lt. Goodrum is the only Black individual whose name appeared on the eligibility list.

*June 2021 Lieutenant's Meeting*

20. In or around June 2021, Chief Hayes conducted a meeting with all Lieutenants employed by the City of Alexandria Police Department.

21. During this meeting, Chief Hayes announced Lt. Goodrum would be the first to be advanced to the rank of "Captain" to promote diversity among the individuals holding the position of Captain within the Department.

22. Following the meeting, many of Lt. Goodrum's white colleagues took issue with this announcement and complained to Chief Hayes that Lt. Goodrum would only be promoted because of his race.

23. As a result, the Department did not choose anyone to fill the vacant Captain position advertised in August 2020, the eligibility list for which expired in December 2021.

24. In response to a grievance filed by the candidates for the position, the Department agreed to extend the duration of the eligibility list for an additional year, or until December 2022.

25. In the City's March 2022 review of Lt. Goodrum's performance, the City rated Lt. Goodrum's performance as "outstanding" — the highest possible rating — with respect to all seventeen (17) categories on which his performance was evaluated.

26. Chief Hayes reviewed and signed off on Lt. Goodrum's March 2022 performance review.

27. Despite this fact, Chief Hayes caved to the pressure of Lt. Goodrum's white colleagues and transferred Lt. Goodrum from the Training and Recruiting Section to the Traffic and Safety Section in or around March 2022.

28. Chief Hayes violated Department policy by allowing Lt. Goodrum less than one week to adjust to his reassignment.

29. The standard time provided by the Department for adjustments to reassignment is at least one pay period, or approximately two weeks.

30. Chief Hayes' transfer of Lt. Goodrum resulted in substantial changes to his job responsibilities, and the abrupt nature of Lt. Goodrum's transfer gave the appearance that it had been punitive in nature, which resulted in personal and professional reputational harm to Lt. Goodrum.

31. Chief Hayes filled Lt. Goodrum's prior position in Training and Recruiting with a junior white police officer, Lt. Marcus Downey ("Lt. Downey").

***April 2022 Failure to Promote Lt. Goodrum to the Position of Captain***

32. In or around June 2022, Chief Hayes promoted a white police officer, Lt.. Courtney Ballentine ("Lt. Ballentine"), to the position of Captain.

33. Chief Hayes did not interview Lt. Ballentine before promoting him to the position of Captain.

34. Chief Hayes subsequently promoted Lt. Marcus Downey, a white officer Junior to Lt. Goodrum, to the position of Acting Captain.

35. Lt. Downey was selected for the promotion over Lt. Goodrum despite Lt. Downey having never sat for the Captain promotion process and having not been placed on the eligibility list for the position.

36. Lt. Downey was not, in fact, eligible for the promotion as he had not held the position of Lieutenant with the Department for a period of three (3) years.

37. Chief Hayes' selection of Lt. Downey violated Department policy, which requires selection of individuals for a promotional opportunity be made from the eligibility list for the position established by the Department of Human Resources. *See* Directive 4.21 ("Sworn Promotions"), Reg. 34.1.3d.

38. The advertisement circulated internally for the promotional opportunity provided that "[d]uring the effective period of the eligibility list, the Police Chief will select Police Lieutenants to be promoted from CATEGORY 1" (emphasis in original).

39. In selecting Lt. Downey for the position, Chief Hayes deviated from the selection procedures as described to candidates in the internal advertisement.

40. Chief Hayes had no choice but to subsequently rescind Lt. Downey's appointment to the position of Captain based on his violations of the policies described above.

*October 2022 Grievance Based on Pattern of Discrimination and Failure to Promote*

41. In or around October 2022, Lt. Goodrum grieved the pattern of discrimination against Black individuals he had recently observed, as well as his non-promotion to his Section supervisor, Cpt. James Bridgeman ("Cpt. Bridgeman").

42. In response, Cpt. Bridgeman informed Lt. Goodrum he did not have the authority to resolve Lt. Goodrum's grievance, and stated he would forward all related information and paperwork to Chief Hayes.

43. In support of his complaint to Chief Hayes, Lt. Goodrum cited his transfer to the Traffic and Safety Section in March 2022 and the decision to promote Lt. Goodrum's white co-worker to the position of Captain in June 2022.

44. Lt. Goodrum never received a formal response to his grievance from Chief Hayes.

*December 2022 Failure to Promote Lt. Goodrum to the Position of Captain*

45. In December 2022, Chief Hayes promoted another white Lieutenant, Mr. Jerry Newcomb to the position of Captain, despite Mr. Newcomb having scored lower than Lt. Goodrum during the application process, placing him in a lower eligibility category (Category II).

46. Chief Hayes did not interview Lt. Newcomb before promoting him to the position of Captain.

47. Chief Hayes selection of a Category II candidate violated Department policy in place at the time of his selection of Lt. Newcomb.

48. Pursuant to Department Policy, candidates are to be selected from the eligibility list by category placement. "Candidates from Category I are given priority eligibility for appointment," and "[o]nce Category I candidates have been considered, candidates may either be appointed from Category II or a new promotional process may be directed." Directive 4.21 ("Sworn Promotions"), Reg. 34.1.3d; 34.1.6d; and 34.1.6e.

49. Prior to his promotion, Lt. Newcomb's held a Grade 19, Step 18 position with the Department that paid approximately $150,000.00 annually.

50. Following his promotion, Cpt. Newcomb held a Grade 22, Step 18 position with the Department that paid approximately $175,000.00 annually.

***Racial Makeup of Individuals Holding the Position of Captain within the Department***

51. As of August 2023, all Captains within the City of Alexandria Police Department were white.

52. In addition to Cpt. Newcomb, the individuals who filled the position of Captain at the City of Alexandria Police Department at this time included:

   a. Cpt. Monica Leslie, a white female, promoted to the position of Captain after 12 years of service in October 2014;

   b. Cpt. Dennis Andreas, a white male, promoted to the position of Captain after 15 years of service in May 2015;

   c. Cpt. Bridgeman, a white male, promoted to the position of Captain after 19 years of service in October 2015;

   d. Cpt. Courtney Ballantine, a white male, promoted to the position of Captain after 22 years of service in June 2022;

   e. Cpt. Gregg Ladislaw, a white male, promoted to the position of Captain after 13 years of service in October 2015; and

   f. Cpt. Shannon Soriano, a white female, promoted to the position of Captain after 15 years of service in January 2016.

*Exhaustion of Administrative Remedies*

53. On or about April 24, 2023, Lt. Goodrum timely filed a charge of discrimination based on race and retaliation against Defendant with the United States Equal Opportunity Commission ("EEOC").

54. Lt. Goodrum's charge of discrimination was dually filed with the Alexandria Office of Human Rights on that same date.

55. The EEOC issued Lt. Goodrum a Notice of Right to Sue in this matter on April 24, 2024.

56. Lt. Goodrum exhausted his administrative remedies as required by 42 U.S.C. § 2000e, *et seq*.

57. This matter is timely filed within ninety (90) days of Lt. Goodrum's receipt of his Notice of Right to Sue as to the City from the EEOC.

## COUNT I
## Failure to Promote
## in Violation of Title VII

58. The allegations of the foregoing paragraphs are incorporated as if realleged herein.

59. Title VII prohibits an employer from discriminating against employees on the basis of race during hiring, selection, and promotional processes.

60. Lt. Goodrum is a member of a protected class based on his race (Black).

61. The City failed to promote Lt. Goodrum despite his qualification for the position of Captain.

9

62. The City instead promoted two candidates outside of Lt. Goodrum's protected class to the position of Captain, and appointed a third candidate outside of Lt. Goodrum's protected class to serve in the position on an "Acting" bases.

63. The City of Alexandria Police Department deviated from his own standard operating procedure related to promotions in order to promote these white individuals ahead of Lt. Goodrum.

64. As a direct and proximate result of the City's discriminatory acts, Lt. Goodrum has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, and other non-pecuniary loss.

## COUNT II
## Race-Based Discrimination
## in Violation of Title VII

65. The allegations of the foregoing paragraphs are incorporated as if realleged herein.

66. Lt. Goodrum is a member of a protected class based on his race (Black).

67. The City treated Lt. Goodrum and other members belonging to the same protected class as Lt. Goodrum less favorably than his white co-workers.

68. The City of Alexandria Police Department repeatedly promoted white Lieutenants to the position of Captain while passing over Lt. Goodrum, despite his twenty-eight (28) year tenure with the Department.

69. Only white individuals served in the position of Captain at the City of Alexandria Police Department.

70. When Chief Hayes announced a desire to promote diversity within the position during a meeting of Lieutenants within the Department, Lt. Goodrum suffered pushback and

harassment from his white colleagues who believed he would be selected for the position of Captain based solely on his race.

71. Chief Hayes caved to the unfounded complaints of Lt. Goodrum's white colleagues by transferring him to a less desirable position in the Traffic and Safety Section of the Department.

72. The transfer of Lt. Goodrum caused him a loss of promotional opportunities within the Department.

73. The abrupt manner in which the transfer of Lt. Goodrum occurred also gave the appearance the action had been punitive in nature, damaging Lt. Goodrum's personal and professional reputation.

74. Lt. Goodrum grieved this pattern of race-based discrimination to Chief Hayes in December 2022 after Lt. Goodrum learned from his supervisor, Cpt. Bridgeman, that Cpt. Bridgeman lacked the authority to respond to his grievance.

75. As of the date of this Complaint, Chief Hayes failed to take any meaningful action in response to Lt. Goodrum's complaint of race-based discrimination.

**COUNT III**
**Race-Based Discrimination**
**in Violation of the Virginia Human Rights Act**

76. The allegations of the foregoing paragraphs are incorporated as if realleged herein.

77. The Virginia Human Rights Act prohibits an employer from discriminating against or discharging an employee on the basis of race. Va. Code § 2.2-3905.

78. Lt. Goodrum is a member of a protected class based on his race (Black).

79. The City treated Lt. Goodrum and other members belonging to the same protected class as Lt. Goodrum less favorably than their white co-workers.

80. The City of Alexandria Police Department repeatedly promoted white Lieutenants to the position of Captain while passing over Lt. Goodrum, despite his twenty-eight (28) year tenure with the Department.

81. Only white individuals served in the position of Captain at the City of Alexandria Police Department.

82. When Chief Hayes announced a desire to promote diversity within the position during a meeting of Lieutenants within the Department, Lt. Goodrum suffered pushback and harassment from his white colleagues who believed he would be selected for the position of Captain based solely on his race.

83. Chief Hayes caved to the unfounded complaints of Lt. Goodrum's white colleagues by transferring him to a less desirable position in the Traffic and Safety Section of the Department.

84. The transfer of Lt. Goodrum caused him a loss of promotional opportunities within the Department.

85. The abrupt manner in which the transfer of Lt. Goodrum occurred also gave the appearance the action had been punitive in nature, damaging Lt. Goodrum's personal and professional reputation.

86. Lt. Goodrum grieved this pattern of race-based discrimination to Chief Hayes in December 2022 after Lt. Goodrum learned from his supervisor, Cpt. Bridgeman, that Cpt. Bridgeman lacked the authority to respond to his grievance.

87. As of the date of this Complaint, Chief Hayes failed to take any meaningful action in response to Lt. Goodrum's complaint of race-based discrimination.

## COUNT IV
### Retaliation
### in Violation of Title VII

88. The allegations of the foregoing paragraphs are incorporated as if realleged herein.

89. Lt. Goodrum engaged in protected activity when he filed a grievance following the non-selection of any candidate for the position of Captain before the end of the promotional process in December 2021.

90. The non-selection of a candidate occurred after white Lieutenants employed by the Department complained, falsely, that Lt. Goodrum would be selected for promotion based solely on his race, Black.

91. After Chief Hayes re-opened the promotional process, he selected the only individual on the eligibility list who had not grieved the prior selection process: Lt. Ballantine.

92. Chief Hayes retaliated against Lt. Goodrum by passing him over for promotion to the position of Captain based on his prior engagement in protected activity.

93. Lt. Goodrum also engaged in protected activity when he complained to Chief Hayes of a pattern of discrimination within the Department in October 2022.

94. In support of his complaint, Lt. Goodrum cited his transfer to the Traffic and Safety Section in March 2022 and the decision to promote Lt. Goodrum's white co-worker to the position of Captain in June 2022.

95. As a direct and proximate result of the City's retaliatory acts, Lt. Goodrum has suffered and will continue to suffer pecuniary loss, mental anguish, pain and suffering, and other non-pecuniary loss.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Delton Goodrum requests that this Court enter judgment in his favor, against the City of Alexandria as to his Complaint and further:

(a) Award Lt. Goodrum compensatory damages, plus past and future pecuniary damages on each of the above-stated Counts in an amount that can only be determined at trial;

(b) Promote Lt. Goodrum to the position of Captain, effective as of December 2021, when the second vacancy for the position of Captain became available;

(c) Award applicable back-pay and adjust benefits afforded to Lt. Goodrum accordingly;

(d) Award attorneys' fees, costs, expenses, pre- and post-judgment interest incurred by Plaintiff in this action to the extent permitted by law; and

(e) Award any further relief this Court deems just and appropriate under the circumstances.

## JURY DEMAND

**PLAINTIFF DELTON GOODRUM HEREBY REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: August 30, 2024

                                                 /s/
Joshua Erlich, VA Bar No. 81298
Katherine Herrmann, VA Bar No. 83203
The Erlich Law Office, PLLC
1550 Wilson Blvd.

Suite 700
Arlington, VA  22209
Tel:    (703) 791-9087
Fax:    (703) 722-8114
Email: jerlich@erlichlawoffice.com
         kherrmann@erlichlawoffice.com

*Counsel for Plaintiff Delton Goodrum*

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed electronically using the Court's CM/ECF System, which sent a true and accurate copy to:

Robert Porter (VSB No. 78934)
Alexandria City Attorney's Office
301 King Street, Suite 1300
Alexandria, VA 22314
Tel: (703) 746-3750
Fax: (703) 838-4810
Email: robert.porter@alexandriava.gov

James A. Cales III (VSB No. 41317)
Furniss, Davis, Rashkind and Saunders, P.C.
6160 Kempsville Cir. Suite 341B
Norfolk, Virginia 23502
Tel: 757-461-7100
Fax: 757-461-0083
Email: jcales@furnissdavis.com

*Counsel for Defendant City of Alexandria*

                                            /s/
                                  Joshua Erlich (VA Bar No. 81298)
                                  jerlich@erlichlawoffice.com

                                  *Counsel for Plaintiff*