IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DELTON GOODRUM, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) Case 1:24-cv-01111-PTG-WEF |
| CITY OF ALEXANDRIA, a municipal Corporation of Virginia, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

**ANSWER**

The City of Alexandria (the "City") answers the Amended Complaint as follows:

**THE CITY'S RESPONSES TO THE
ALLEGATIONS IN THE AMENDED COMPLAINT**

**Nature of Action**[1]

**1.** The allegations of Paragraph 1 of the Amended Complaint are legal assertions invoking state and federal law to which no response is required. The alleged violations of these laws are denied. The City admits only that Plaintiff is an employee of the City and that he is Black, as alleged. The remaining allegations of paragraph 1 of the Amended Complaint are denied.

**Parties**

**2.** The allegations of Paragraph 2 of the Amended Complaint are admitted.

---

[1] This and all other headings in the "City's Responses" section of this Answer mirror the headings in the Amended Complaint. They are included for organizational and reference purposes only and are neither admitted nor denied.

3. The allegations of Paragraph 3 of the Amended Complaint are admitted.

4. The City is not advised as to the meaning of the phrase "at all times relevant to this Complaint" in Paragraph 4 and can neither admit nor deny the same. The allegations of Paragraph 4 of the Amended Complaint are admitted only to the extent that they allege that Plaintiff was and is currently employed as a Police Lieutenant in the City from October 2014 to the present. The City denies all remaining allegations of Paragraph 4 of the Amended Complaint.

### Jurisdiction and Venue

5. The allegations of Paragraph 5 of the Amended Complaint are legal conclusions seeking to invoke the jurisdiction of the Court and no response is required except that the City denies that there is any factual or legal basis for a claim against it.

6. The allegations of Paragraph 6 of the Amended Complaint are legal conclusions seeking to invoke the jurisdiction of the Court to which no response is required except that the City denies that there is any factual or legal basis for a claim against it.

7. The allegations of Paragraph 7 of the Amended Complaint are legal conclusions seeking to establish this Court as the proper venue. Accordingly, no response is required except that the City denies that there is any factual or legal basis for a claim against it.

### Factual Allegations

*Lt. Goodrum's Employment with the City of Alexandria Police Department*

8. The allegations of Paragraph 8 of the Amended Complaint are admitted.

9. The allegations of Paragraph 9 of the Amended Complaint are admitted.

10. The allegations of Paragraph 10 of the Amended Complaint are beyond the knowledge and information possessed by the City and can neither be admitted nor denied, but the

City calls for the strict proof thereof.

11. The allegations of Paragraph 11 of the Amended Complaint are beyond the knowledge and information possessed by the City and can neither be admitted nor denied, but the City calls for the strict proof thereof.

### *September 2020 Selection Process for Vacant Captain*

12. The allegations in Paragraph 12 of the Amended Complaint are admitted only to the extent they allege that Lt. Goodrum participated in the Captain promotion process in or around September 2020 and that the promotion process was advertised internally in the Alexandria Police Department ("APD"). The City is not advised as to the meaning of "sat for" in Paragraph 12 of the Amended Complaint and can neither admit nor deny the same.

13. The allegations of Paragraph 13 of the Amended Complaint are beyond the knowledge and information possessed by the City and can neither be admitted nor denied, but the City calls for the strict proof thereof.

14. The City admits that candidates *were* ranked into eligibility categories as part of the 2020 Captain promotion process. The allegations of Paragraph 14 of the Amended Complaint are otherwise denied.

15. The City is not advised as to the meaning of the phrases "have priority over" or "at that time" as they are used in Paragraph 15 of the Amended Complaint. The allegations in Paragraph 15 of the Amended Complaint are admitted only to the extent that, under APD policy in effect in 2020, Category I candidates were "given priority eligibility for appointment[,]" and Category III candidates were not considered for promotional appointment. The City denies that this policy governed the promotions made from the eligibility list that was established in or about

December 2020 or is otherwise relevant to the allegations in the Amended Complaint.

16. The allegations in Paragraph 16 of the Amended Complaint are admitted.

17. The allegations of Paragraph 17 of the Amended Complaint are denied.

18. The allegations of Paragraph 18 of the Amended Complaint are denied.

19. The allegations of Paragraph 19 of the Amended Complaint are admitted.

*June 2021 Lieutenant's Meeting*

20. The City admits that Don Hayes met with APD Lieutenants. All other allegations of Paragraph 20 of the Amended Complaint are beyond the knowledge and information possessed by the City and can neither be admitted nor denied, but the City calls for the strict proof thereof.

21. The allegations of Paragraph 21 of the Amended Complaint are denied.

22. The City denies the allegations of Paragraph 22 of the Amended Complaint to the extent that "this announcement" refers to the allegations in Paragraph 21 of the Amended Complaint. All other allegations of Paragraph 22 of the Amended Complaint are beyond the knowledge and information possessed by the City and can neither be admitted nor denied, but the City calls for the strict proof thereof.

23. The allegations of Paragraph 23 of the Amended Complaint are denied.

24. The City admits that, in response to grievances filed by candidates for promotion to Captain, the Department agreed in December 2021 that the eligibility list for Captain created in December 2020 would be in effect until December 2022. The allegations of Paragraph 24 of the Amended Complaint are otherwise denied.

25. The City admits the allegations in Paragraph 25 of the Amended Complaint except to deny that "the City" rated Lt. Goodrum's performance in 2022.

26. The City admits the allegations in Paragraph 26 of the Amended Complaint with the correction that Don Hayes was Acting Chief when he signed Lt. Goodrum's 2022 performance review.

27. The City admits that Lt. Goodrum was transferred from the Training and Recruiting Section to the Traffic and Safety Section in or around March 2022. The City otherwise denies the allegations in Paragraph 27 of the Amended Complaint.

28. The allegations of Paragraph 28 of the Amended Complaint are denied.

29. The allegations of Paragraph 29 of the Amended Complaint are denied.

30. The City is not advised as to the meaning of the phrase "substantial changes to his job responsibilities" and can neither admit nor deny the same. All other allegations in Paragraph 30 of the Amended Complaint are denied.

31. The City is not advised as to the meaning of the term "junior" as it is used in reference to Lt. Downey in Paragraph 31 of the Amended Complaint and can neither admit nor deny the same. All other allegations in Paragraph 31 are admitted, except that Don Hayes was Acting Chief during the events alleged in Paragraph 31.

### April 2022 Failure to Promote Lt. Goodrum to the Position of Captain

32. The allegations in Paragraph 32 of the Amended Complaint are admitted.

33. The allegations of Paragraph 33 of the Amended Complaint are beyond the knowledge and information possessed by the City and can neither be admitted nor denied, but the City calls for the strict proof thereof.

34. The City denies that Lt. Downey's temporary placement by Chief Hayes into an Acting Captain role was a promotion. The City is not advised as to the meaning of "Junior" in

reference to Lt. Downey in Paragraph 34 and can neither admit nor deny the same. The City admits that Lt. Downey is white. All other allegations in Paragraph 34 of the Amended Complaint are denied.

35. The City admits that Lt. Downey was not on the eligibility list for Captain issued in about December 2020 and referenced in Paragraph 16 of the Amended Complaint. The City is not advised as to the meaning of "sat for" and can neither admit nor deny the same. Whether Lt. Downey applied for the position of Captain is beyond the knowledge and information possessed by the City and can neither be admitted nor denied, but the City calls for the strict proof thereof. All other allegations in Paragraph 35 of the Amended Complaint are denied.

36. The City denies that Lt. Downey's temporary placement in an Acting Captain role was a promotion. The other allegations of Paragraph 36 of the Amended Complaint are beyond the knowledge and information possessed by the City and can neither be admitted nor denied, but the City calls for the strict proof thereof.

37. The City admits that, when Lt. Downey was placed into an Acting Captain role, the policy in effect for promotions included an eligibility list. All other allegations in Paragraph 37 of the Amended Complaint are denied.

38. The City admits the allegations in Paragraph 38 of the Amended Complaint but avers that they are incomplete and misleading. The notice for the 2020 Captain promotion process includes the following:

> During the effective period of the eligibility list, the Police Chief will select Police Lieutenants to be promoted from CATEGORY I. The Police Chief reserves the right to select from Category II, even if there are candidates remaining in Category I.

39. The allegations in Paragraph 39 of the Amended Complaint are denied.

40. The allegations in Paragraph 40 of the Amended Complaint are denied.

*October 2022 Grievance Based on Pattern of Discrimination and Failure to Promote*

41. The City denies the allegations in Paragraph 41 of the Amended Complaint except to admit that Lt. Goodrum grieved his non-promotion to Captain in or around October 2022.

42. The allegations in Paragraph 42 of the Amended Complaint are admitted only with respect to Lt. Goodrum's grievance of his non-promotion to Captain in or around October 2022. The allegations are otherwise denied.

43. The allegations in Paragraph 43 of the Amended Complaint are denied.

44. The allegations in Paragraph 44 of the Amended Complaint are denied.

*December 2022 Failure to Promote Lt. Goodrum to the Position of Captain*

45. The City admits that Chief Hayes promoted Jerry Newcomb to Captain in December 2022. The City denies that Jerry Newcomb's promotion to Captain was "despite" his scores during the application process or his placement in Category II. Jerry Newcomb's scores during the application process are beyond the knowledge and information possessed by the City and can neither be admitted nor denied, but the City calls for the strict proof thereof. All other allegations in Paragraph 45 of the Amended Complaint are denied.

46. The allegations of Paragraph 46 of the Amended Complaint are beyond the knowledge and information possessed by the City and can neither be admitted nor denied, but the City calls for the strict proof thereof.

47. The allegations of Paragraph 47 of the Amended Complaint are denied.

48. The City admits that the text in quotation marks in Paragraph 48 of the Amended Complaint is contained in the version of APD Directive 4.21 in effect at the time Jerry Newcomb

was promoted to Captain. The allegations in Paragraph 48 are otherwise denied.

49. The allegations in Paragraph 49 of the Amended Complaint are admitted, provided that the range captured by "approximately $150,000 annually" includes $149,000 annually.

50. The allegations in Paragraph 50 of the Amended Complaint are admitted, provided that the range captured by "approximately $175,000 annually" includes $173,000 annually.

### *Racial Makeup of Individuals Holding the Position of Captain within the Department*

51. The City can neither admit or deny the allegations in Paragraph 51 of the Amended Complaint, except to deny that the APD has only employed white Captains and to admit that, as of the date of this filing, all APD Captains are white.

52. The City is not advised as to the meaning of "at this time" in Paragraph 52 of the Amended Complaint and can neither admit nor deny the same. The City admits that the individuals listed in Paragraph 52 of the Amended Complaint have all served as APD Captains at some point.

   a. The allegations in Subparagraph 52(a) are admitted.

   b. The City admits that Cpt. Andreas is a white male who was promoted to Captain in May 2015. All other allegations in Subparagraph 52(b) are denied.

   c. The City allegations in Subparagraph 52(c) are admitted.

   d. The City admits that Cpt. Ballantine is a white male who was promoted to Captain on June 11, 2022. All other allegations in Subparagraph 52(d) are denied.

   e. The allegations in Subparagraph 52(e) are admitted.

   f. The City admits that Cpt. Soriano is a white female who was promoted to Captain in January 2016. All other allegations in Paragraph 52(f) are denied.

*Exhaustion of Administrative Remedies*

53. The allegations in Paragraph 53 of the Amended Complaint are admitted.

54. The allegations of Paragraph 54 of the Amended Complaint are beyond the knowledge and information possessed by the City and can neither be admitted nor denied, but the City calls for the strict proof thereof.

55. The allegations in Paragraph 55 of the Amended Complaint are admitted.

56. The allegations in Paragraph 56 of the Amended Complaint are legal conclusions to which the City demands strict proof.

57. The allegations of Paragraph 57 of the Amended Complaint are legal conclusions to which the City demands the strict proof thereof.

**Count I**

58. In response to Paragraph 58 of the Amended Complaint, the City incorporates its replies to Paragraphs 1 through 57 of the Amended Complaint as if restated here, in full.

59. The allegations of Paragraph 59 of the Amended Complaint are legal assertions to which no response is required. The alleged violations of these laws are denied.

60. The allegations of Paragraph 60 of the Amended Complaint are admitted.

61. The City admits that Lt. Goodrum has not been promoted to Captain in the APD. All other allegations of Paragraph 61 of the Amended Complaint are denied.

62. The City admits that it has promoted two officers who are not Black to the position of Captain and has temporarily placed a non-Black officer in an Acting Captain role. The allegations of Paragraph 62 of the Amended Complaint are otherwise denied.

63. The City denies the allegations of Paragraph 63 of the Amended Complaint.

64. The City denies the allegations of Paragraph 64 of the Amended Complaint.

9

## Count II

65. In response to Paragraph 65 of the Amended Complaint, the City incorporates its replies to Paragraphs 1 through 64 of the Amended Complaint as if restated here, in full.

66. The allegations of Paragraph 66 of the Amended Complaint are admitted.

67. The allegations of Paragraph 67 of the Amended Complaint are denied.

68. The allegations of Paragraph 68 of the Amended Complaint are denied.

69. The allegations of Paragraph 69 of the Amended Complaint are denied.

70. The allegations of Paragraph 70 of the Amended Complaint are denied.

71. The allegations of Paragraph 71 of the Amended Complaint are denied.

72. The allegations of Paragraph 72 of the Amended Complaint are denied.

73. The allegations of Paragraph 73 of the Amended Complaint are denied.

74. The allegations of Paragraph 74 of the Amended Complaint are denied.

75. The allegations of Paragraph 75 of the Amended Complaint are denied.

## Count III

76. In response to Paragraph 76 of the Amended Complaint, the City incorporates its replies to Paragraphs 1 through 75 of the Amended Complaint as if restated here, in full.

77. The allegations of Paragraph 77 of the Amended Complaint are legal assertions to which no response is required. The alleged violations of these laws are denied.

78. The allegations of Paragraph 78 of the Amended Complaint are admitted.

79. The allegations of Paragraph 79 of the Amended Complaint are denied.

80. The allegations of Paragraph 80 of the Amended Complaint are denied.

81. The allegations of Paragraph 81 of the Amended Complaint are denied.

82. The allegations of Paragraph 82 of the Amended Complaint are denied.

83. The allegations of Paragraph 83 of the Amended Complaint are denied

84. The allegations of Paragraph 84 of the Amended Complaint are denied

85. The allegations of Paragraph 85 of the Amended Complaint are denied

86. The allegations of Paragraph 86 of the Amended Complaint are denied

87. The allegations of Paragraph 87 of the Amended Complaint are denied

## Count IV

88. In response to Paragraph 88 of the Amended Complaint, the City incorporates its replies to paragraphs 1 through 87 of the Amended Complaint as if restated here, in full.

89. To the extent the allegations of Paragraph 89 of the Amended Complaint are legal conclusions, no response is required. To the extent the allegations of Paragraph 89 of the Amended Complaint are factual assertions, they are denied.

90. The allegations in Paragraph 90 of the Amended Complaint are beyond the knowledge and information possessed by the City and can neither be admitted nor denied, but the City calls for the strict proof thereof.

91. The allegations of Paragraph 91 of the Amended Complaint are denied.

92. The allegations of Paragraph 92 of the Amended Complaint are denied.

93. To the extent that the allegations of Paragraph 93 of the Amended Complaint are legal conclusions, no response is required. To the extent that the allegations of Paragraph 93 of the Amended Complaint are factual assertions, they are denied.

94. The allegations of Paragraph 94 of the Amended Complaint are denied.

95. The allegations of Paragraph 95 of the Amended Complaint are denied.

96. All allegations that have not been expressly and unambiguously admitted in this Answer are denied.

## DEFENSES

1. This Defendant denies that it is indebted to or liable to Plaintiff for any sum, for any reasons.

2. The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred, in whole or in part, because the Defendant, City of Alexandria, Plaintiff's then-employer, had legitimate, nondiscriminatory reasons for its employment decisions involving Plaintiff.

4. The City of Alexandria affirmatively states that Plaintiff's own qualifications, conduct, and behavior caused, lead to, and/or contributed to the cause of his claimed damages therein.

5. All employment actions involving Plaintiff were done for good cause.

6. Plaintiff was given all the process to which he is entitled under Defendant's policies, state, and/or federal law.

7. No policy or custom of the Defendant City of Alexandria has directly or proximately caused the deprivations alleged in the Amended Complaint.

8. Plaintiff has failed to state a claim upon which this Court may grant relief.

9. Plaintiff's claims are barred by the at-will employment doctrine.

10. Plaintiff's claims are further barred by the statute of limitations, failure to exhaust administrative remedies as required by state or federal law, preemption of causes of action,

business/governmental judgment rule, and waiver.

11. Plaintiff's claims are barred to the extent that he failed and continues to fail to mitigate or reduce his damages.

12. Further, this Defendant states that to the extent necessary under the facts, prompt corrective action was taken to address any concerns applicable to Plaintiff.

WHEREFORE, the City of Alexandria prays that the Amended Complaint herein be dismissed, with costs, with prejudice.

Respectfully submitted,

**THE CITY OF ALEXANDRIA, a Municipal Corporation of Virginia**

*By Counsel,*

_____/s/_____
Robert Porter (VSB No. 78934)
Meghan S. Roberts (VSB No. 78983)
**ALEXANDRIA CITY ATTORNEY'S OFFICE**
301 King Street, Suite 1300
Alexandria, VA 22314
Tel:   (703) 746-3750
Fax:   (703) 838-4810
Email: robert.porter@alexandriava.gov
         meghan.roberts@alexandriava.gov

James A. Cales III (VSB No. 41317)
Furniss, Davis, Rashkind and Saunders, P.C.
6160 Kempsville Cir. Suite 341B
Norfolk, Virginia 23502
Tel: 757-461-7100
Fax: 757-461-0083
Email: jcales@furnissdavis.com

*Counsel for Defendant City of Alexandria*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of September 2024, a copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF system, which will send notice to the following:

Joshua Erlich, VA Bar No. 81298
Katherine Herrmann, VA Bar No. 83203
The Erlich Law Office, PLLC
1550 Wilson Blvd., Suite 700
Arlington, VA 22209
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: jerlich@erlichlawoffice.com
       kherrmann@erlichlawoffice.com

*Counsel for Plaintiff Delton Goodrum*

    /s/ *Robert Porter*
Robert Porter (VSB No. 78934)
**ALEXANDRIA CITY ATTORNEY'S OFFICE**
301 King Street, Suite 1300
Alexandria, VA 22314
Tel:   (703) 746-3750
Fax:   (703) 838-4810
Email: robert.porter@alexandriava.gov

*Counsel for Defendant City of Alexandria*