**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| DELTON GOODRUM | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:24-cv-01111 (PTG/WEF) |
| CITY OF ALEXANDRIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN OPPOSITION TO DEFENDANT CITY OF ALEXANDRIA'S MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff Delton Goodrum ("Lt. Goodrum" or "Plaintiff"), by counsel, hereby submits the following Memorandum in Opposition to Defendant City of Alexandria's ("City" or "Defendant") Motion to Dismiss his Amended Complaint.

## INTRODUCTION

Lt. Goodrum brings four claims against the City of Alexandria. He alleges the City failed to promote him on the basis of his race, Black, in violation of Title VII of the Civil Rights Act (Count I). Lt. Goodrum also brings claims against the City for the creation of a race-based hostile work environment in violation of both Title VII and the Virginia Human Rights Act (Counts II and III), and for retaliation in violation of Title VII (Count IV) after he complained of race-based discrimination to his supervisor, the then-Chief of the City of Alexandria Police Department.

The City's arguments are premised on inaccurate statements of law, assertions of facts outside of the pleadings, or a reading of the facts that deprives Lt. Goodrum of the favorable inference he is entitled to at this stage of the proceedings.

Lt. Goodrum has pled facts sufficient to give rise to an inference of discrimination with respect to the City's promotional decisions in September 2022 and December 2022. The City selected individuals outside of Lt. Goodrum's protected class to fill the position at issue on two separate occasions despite Lt. Goodrum's superior qualification and despite the City's need to deviate from departmental policy to do so. These facts are sufficient to plausibly allege a failure to promote claim against the City, and the City's challenge to Count I of Lt. Goodrum's Amended Complaint must fail.

The City invents its own test based on the proportion of allegations alleged before (versus after) the 300-day period preceding the filing of Lt. Goodrum's administrative charge to analyze the timeliness of the facts alleged by Lt. Goodrum in his Amended Complaint. This test is directly at odds with established law. Lt. Goodrum's allegations plausibly allege a hostile work environment against the City in violation of both Title VII (Count II) and the VHRA (Count III), and the City's challenges do not merit dismissal of either claim.

Finally, Lt. Goodrum pled facts sufficient to demonstrate his participation in protected activity in October 2022 and his subsequent non-selection for promotion in December 2022. Lt. Goodrum's non-selection constitutes a material adverse action that occurred proximate in time to his protected activity. Lt. Goodrum plausibly alleges a claim of retaliation in violation of Title VII against the City, and the City's motion to dismiss Count IV of Lt. Goodrum's Amended Complaint should be denied.

## STANDARD OF REVIEW

**Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of the claims, or the applicability of defenses." *Presely v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). Instead, upon a motion to dismiss, a court assumes the truth of all facts alleged in the complaint and must construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

More recently, the Supreme Court has explained that, to survive a motion to dismiss, a complaint must contain factual information to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint can withstand a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). Finally, in *Aschcroft v. Iqbal*, 556 U.S. 662, 663 (2009), the Supreme Court further explained that to achieve facial plausibility, a complaint should contain sufficient factual allegations to support a reasonable inference that a defendant is liable for the misconduct alleged. *See id*. at 663.

## ARGUMENT

### I.   LT. GOODRUM PLAUSIBLY ALLEGES A FAILURE TO PROMOTE CLAIM AGAINST THE CITY.

Of the elements required to state a failure-to-promote claim, the City contests only that Lt. Goodrum has plausibly alleged the City having rejected his promotion to Captain under circumstances that give rise to an inference of discrimination. Def.'s Mot. to Dismiss Am. Compl. at 7.

Although the City challenges the promotional decision which occurred in June 2022 as time-barred, these allegations serve only as context for the remainder of his claim. Lt. Goodrum has pled facts sufficient to plausibly allege an inference of discrimination with respect to the City's September 2022 and December 2022 promotional decisions.

### A.   Lt. Goodrum's Failure to Promote Claim (Count I) Is Not Time Barred.

Lt. Goodrum's claim of failure to promote against the City encompasses two separate promotional decisions. These include the City's decision to promote: (1) Lt. Downey to the position of Acting Captain in September 2022, Am. Compl. ¶ 32; Ex. B to Def.'s Mot. to Dismiss Am. Compl. at 6; and (2) Lt. Newcomb to the position of Captain in December 2022. Lt. Goodrum includes allegations in his Amended Complaint related to a third, earlier promotional decision — the promotion of Lt. Ballentine in June 2022 — only as context for his claims related to Lt. Downey and Lt. Newcomb. Am. Compl. ¶ 32. In fact, Lt. Ballentine is mentioned only in Paragraphs 32 and 33 of Plaintiff's Amended Complaint.

The City challenges the allegations of the Amended Complaint related to the June 2022 promotional decision for Lt. Ballentine as time-barred. Plaintiff agrees and, for that reason, has not used these allegations as the basis for his claims.[1]

The City's assertion that the only timely promotional decision alleged took place in December 2022 is incorrect. Lt. Goodrum filed his EEOC charge on April 24, 2023, and 300 days prior to that date is June 28, 2022. As a result, Lt. Goodrum's allegations regarding Lt. Downey's promotion to Acting Captain in September 2022 are also timely. Am. Compl. ¶ 32; *see also* Ex. B to Def.'s Mot. to Dismiss Am. Compl. at 6 (providing Chief Hayes announced Lt. Downey's promotion on September 19, 2022).

**B.      Lt. Goodrum Plausibly States a Failure to Promote Claim Against the City.**

In his Amended Complaint, Lt. Goodrum pled facts demonstrating that, on two separate occasions, the City deviated from departmental policy to select a white individual to fill the Captain position over Lt. Goodrum, despite Lt. Goodrum's superior qualifications. Further, Lt. Goodrum's Amended Complaint contains a list of similarly situated comparators outside of his protected class who were treated more favorably than him with respect to the exact promotional decisions at issue. These facts plausibly allege an inference of discrimination.

> *1.  Lt. Goodrum Pled the City Promoted Individuals to the Position at Issue Who Were Outside of His Protected Class.*

To sufficiently allege an inference of discrimination for failure to promote at the motion to dismiss stage, a plaintiff must only show that the position they were not selected for was filled

---

[1]  The allegations in Lt. Goodrum's Amended Complaint related to the promotional decision which occurred outside of the 300-day window prior to his filing of an administrative charge can properly be included as background. *See, e.g. Belton v. City of Charlotte*, 175 Fed. Appx. 641, 653, (4th Cir. 2006) (providing that while each failure to promote is a "discrete act," incidents that occur prior to the timely filing period may be used as background evidence in support of an otherwise timely claim).

by someone outside of his protected class. *Bryant v. Aiken Reg'l Med. Ctrs. Inc.*, 333 F.3d 536,

544-45 (4th Cir. 2003); *Carter v. Ball*, 33 F.3d 450, 458 (4th Cir. 1994).[2]

With respect to the September 2022 promotional decision, the City promoted Lt. Marcus

Downey rather than Lt. Goodrum to the position of Captain. Am. Compl. ¶¶ 34-40. In December

2022, the City promoted Lt. Jerry Newcomb rather than Lt. Goodrum for the same position. Am.

Compl. ¶ 45. As alleged in Lt. Goodrum's Complaint, then-Lt. Downey, and then-Lt. Newcomb

are both white and therefore outside of Lt. Goodrum's protected class. Am. Compl. ¶¶ 34, 45.

Lt. Goodrum has pled facts sufficient to demonstrate that the position the City filled the

position it did not select him for with an individual outside of his protected class on two separate

occasions. As such, Lt. Goodrum has plausibly alleged an inference of discrimination in support

of his failure to promote claim against the City.

> 2. *Lt. Goodrum Pled the Superiority of His Qualifications Compared to the Individuals Selected by the City for Promotion.*

Lt. Goodrum's qualifications were superior to those of the individuals outside of his

protected class who were promoted by the City in September and December of 2022. As pled in

his Amended Complaint, the City rated Lt. Goodrum's performance as "outstanding" – the

highest possible rating – with respect to all seventeen categories on which his performance was

evaluated in March 2022. Am. Compl. ¶ 25.

Lt. Goodrum participated in the process of applying for promotions used by the

department and was ranked second among priority Category One candidates. Am. Compl. ¶¶ 15,

18-19. In September 2022, the City selected Lt. Downey over Lt. Goodrum to fill the Captain

position. Am. Compl. ¶ 34. Unlike Lt. Goodrum, Lt. Downey never applied for the promotion

---

[2] The City cites no legal authority or standard for determining whether an inference of
discrimination has been adequately pled.

and his name did not appear on the eligibility list for the position. Am. Compl. ¶ 35. Lt. Downey had fewer years of experience with the Alexandria Police Department than Lt. Goodrum at the time of this decision, and — unlike Lt. Goodrum — Lt. Downey lacked the requisite three (3) years of experience in the position of "Lieutenant" at the time of his promotion. Am. Compl. ¶¶ 34, 36.

In December 2022, the City selected Lt. Jerry Newcomb over Lt. Goodrum to fill the Captain position. Am. Compl. ¶ 45. While Lt. Newcomb had applied for the promotion and participated in the process for determining his eligibility for promotion, he scored lower than Lt. Goodrum and the City placed him among Category II candidates. Am. Compl. ¶ 45. Nevertheless, the City chose to select Lt. Newcomb (white) over Lt. Goodrum, the only Black candidate on the eligibility list. Am. Compl. ¶¶ 19, 45.

Facts pled by Lt. Goodrum demonstrate his qualifications for the Captain position were superior to both of the individuals outside of his protected class selected by the City.

3. *Lt. Goodrum Pled Facts to Support the City's More Favorable Treatment of Similarly Situated Individuals Outside of His Protected Class.*

Lt. Goodrum's Amended Complaint lists similarly situated comparators outside of his protected class who were treated more favorably than him, further supporting an inference of discrimination. Lt. Goodrum worked for the City for approximately 25 years at the time of the promotional decision(s) at issue. At that time, all seven (7) of the individuals who filled the position were white, and all had been promoted from Lieutenant to Captain within the department following substantially fewer years of service. Am. Compl. ¶ 52; Answer ¶ 52.

Lt. Goodrum pled that, as of August 2023, all individuals who held the position of Captain were white. Am. Compl. ¶ 51. Although the City argues in its brief that this "single freeze frame" is insufficient to create an inference of discrimination, it admits in its Answer that,

7

as of the date of the Answer's filing on August 9, 2024 that "all APD Captains are white." Def.'s Mot. to Dismiss Am. Compl. at 11; Answer ¶ 51.

> ### 4.   Lt. Goodrum Pled Facts Demonstrating the City Deviated from Policy with Respect to the Promotion Process.

The City deviated from departmental policy when it selected white individuals over Lt. Goodrum for promotion, in further support of an inference of discrimination. Contrary to department policy, the City promoted Lt. Marcus Downey (white) to the position of Acting Captain over Lt. Goodrum without Lt. Downey having participated at all in the promotion process, not being named on the eligibility list for the position, and not having the requisite three years of experience as a Lieutenant required of applicants for the position. Am. Compl. ¶¶ 34-40.

Pursuant to department policy, Lt. Goodrum, a Category One candidate, was to be given priority eligibility over Lt. Newcomb, a Category II candidate. Am. Compl. ¶¶ 47-48. The City violated this policy in its promotion of Lt. Newcomb over Lt. Goodrum.

The City argues that Paragraph 21 of Lt. Goodrum's Amended Complaint demonstrates its December 2022 for promotion was in line with departmental policy, as it showed the City considered Lt. Goodrum for the position before it passed him over. Def.'s Mot. to Dismiss Am. Compl. at 8. However, Paragraph 21 provides that during a meeting in June 2021, "Chief Hayes announced Lt. Goodrum would be the first to be advanced to the rank of 'Captain' to promote diversity among the individuals holding the position of Captain within the Department." Am. Compl. ¶ 21.

The City cannot in good faith maintain that Chief Hayes considered Lt. Goodrum for the promotion, in accordance with departmental policy, because he made a passing comment more than a year earlier implying that Lt. Goodrum, by virtue of his race, would be promoted — especially when the City then did not promote Lt. Goodrum.

By the City's reading of this allegation, the Police Department considered only Lt.

Goodrum's race in its promotional decision before it opted not to promote him. This reading

would constitute direct evidence of discrimination and would obviate the need for Lt. Goodrum

to prove an inference of discrimination through circumstantial evidence.[3]  Paragraph 21 of Lt.

Goodrum's Amended Complaint does not, as the City contends, demonstrate it considered Lt.

Goodrum for the promotion in accordance with departmental policy.


## II.    LT. GOODRUM PLAUSIBLY ALLEGES THE CITY'S CREATION OF A RACE-BASED HOSTILE WORK ENVIRONMENT.

The City's argument as to the timeliness of the allegations supporting Lt. Goodrum's

claim is unavailing, as only one act contributing to a hostile work environment claim must fall

within the filing period, and the allegations pled by Lt. Goodrum meet this standard.

Lt. Goodrum need not plead a *prima facie* case of discrimination at this stage of the

proceedings, as the City contends. Def.'s Mot. to Dismiss Am. Compl. at 9-10. At the motion to

dismiss stage, "an employment discrimination plaintiff need not plead a prima facie case of

discrimination." *Laurent-Workman v. Wormuth*, 54 F.4th 201, 210 (4th Cir. 2022) (citing *Bing v.*

*Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020)). Rather, he "must offer facts that plausibly

support inferences that she was subjected to (1) unwelcome conduct, (2) based on [his] race [. . .]

that was (3) severe or pervasive enough to make [his] work environment hostile or abusive and

(4) imputable to [ ] [his] employer." *Id.* (citing *Bazemore v. Best Buy*, 957, F.3d 195, 200 (4th

---

[3] An employer's classification of an employee's eligibility for a position based on race or national origin establishes intent without regard to the decisionmaker's animus or ultimate objective and demonstrate a discriminatory purpose as a matter of law. See, e.g. *Miller v. Johnson*, 515 U.S. 900, 904-05 (1995).

Cir. 2020)). The City challenges only whether the facts alleged by Lt. Goodrum were severe or pervasive enough to constitute a hostile work environment.

### A.   Lt. Goodrum's Hostile Work Environment Claims (Counts II and III) Are Not Time Barred.

The timeliness of Lt. Goodrum's hostile work environment claims does not depend on the proportion of wrongful conduct that occurred prior to the 300-day period preceding his administrative charge.[4] In *Guesseous v. Fairview Property Investments*, the Fourth Circuit held that "even if most harassing conduct on which a plaintiff relies to establish her hostile work environment claim occurred outside the statutory period, the claim will be considered if at least one act continuing the violation occurred within the statutory period." 828 F.3d 208, 222 (4th Cir. 2016). "A hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *National R.R. Passenger Corp. v. Morgan*, 122 S. Ct 2061, 2074 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1).

"Provided that an act contributing to the claim occurs within the filing period, the entire period of the hostile work environment may be considered by a court for the purposes of determining liability." *Id.* The City's argument is directly contradicted by legal precedent, and the bulk of the allegedly wrongful actions supporting Lt. Goodrum's claim need not have occurred within the 300-day period preceding his filing of an administrative charge of discrimination. *Nat'l R.R. Passenger Corp v. Morgan,* 536 U.S. 101, 116-17 (2002).

Lt. Goodrum does not need to revive time-barred discrete acts to state a claim, as Defendant contends. The case law relied upon by the City, *Williams v. Giant Food, Inc.*, holds only that the continuing violation doctrine does not revive discrete acts for purposes of

---

[4] The City does not cite to any case law in support of its conclusion to the contrary.

supporting a claim of pattern or practice discrimination where revival of these time-barred, discrete acts is required for to state a claim. 370 F.3d 423, 429 (4th Cir. 2004). This ruling does not apply to Lt. Goodrum's hostile work environment claims against the City.

> **B.      Lt. Goodrum Plausibly Alleges Discriminatory Conduct by the City That Is Severe or Pervasive.**

The City misstates the standard under which the severity or pervasiveness of conduct alleged by a plaintiff in support of a hostile work environment claim is analyzed. The proper analysis is governed by an objective test based on a 'reasonable person standard,' and does not contain a subjective component as the City contends. *See, e.g. Kerns v. RCS Trucking & Freight, Inc.*, 2023 WL 4868555, at *3 (E.D. Va. July 31, 2023) (citing *Pueschel v. Peters*, 577 F.3d 558, 565 (4th Cir. 2009)).

The degree of hostility or abuse to which an employee is exposed "can only be determined by examining the totality of the circumstances." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 184 (4th Cir. 2001) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). Further, the Supreme Court has held that "a hostile-environment claim 'includes every act composing that claim, *whether those acts are independently actionable or not.*'" *Guesseous v. Fairview Property Investments, LLC*, 828 F.3d 208, 233 (4th Cir. 2016) (citing *Green v. Brennan*, 136 S. Ct. 1769, 1777-78 (2016) (emphasis added)).

Lt. Goodrum does not rely solely on discrete acts of discrimination in support of his hostile work environment claims. In his Amended Complaint, he alleges that, following Chief Hayes' announcement of a desire to promote diversity within the Captain position, Lt. Goodrum — the only Black candidate for the position — "suffered pushback and harassment from the white colleagues who believed he would be selected for the position of Captain based solely on his race." Am. Compl. ¶ 70. Lt. Goodrum pleads that the City did nothing in response to his

11

complaint of race-based discrimination in December 2021, despite having caved to the unfounded allegations of race-based discrimination by his white colleagues by delaying the promotion decision altogether.

Following Lt. Goodrum's complaints of race-based discrimination, the City transferred Lt. Goodrum out of his department and into a position where promotion would be more difficult to further placate the concerns of his white colleagues. Am. Compl. ¶¶ 70-75. The City then filled the position Lt. Goodrum had held (and wished to keep) with a less experienced, white officer, Lt. Downey. Am. Compl. ¶ 31.

The City created an environment in which opportunities to advance were not attainable to Lt. Goodrum because of his race. This is further supported by the City's repeated deviations from policy, designed to advance white individuals ahead of Lt. Goodrum. The City took these actions to appease officers within the department who had made their discriminatory views clear to Chief Hayes: if Lt. Goodrum is promoted, white officers will view him as a "diversity hire," and will protest this perceived unfairness in response.[5]

This ceiling on Lt. Goodrum's advancement based on his race began when he first applied for the position of Captain in September 2020, and continues through to the present. It is a term and condition of employment to which his white colleagues are not subject. It encompasses not only the City's promotional decisions and whether these decisions were improperly motivated by race, but also the response to the idea of Lt. Goodrum being promoted voiced by his white colleagues, his transfer away from his current position to reduce his

---

[5] It is important to note that, to the extent that officers felt this action would be discriminatory, those beliefs were spurred on by Chief Hayes' own actions. It was Chief Hayes who suggested that Lt. Goodrum may be promoted specifically due to "diversity" and not due to his qualifications. Am. Compl. ¶ 31.

likelihood of promotion, and the City's repeated decisions to deviate from department policy to either delay the filling of vacant Captain positions or to fill vacant and Acting positions with individuals other than Lt. Goodrum who lacked his qualifications.

> **C.      Lt. Goodrum Does Not Bring a Disparate Impact Claim Against the City and Lt. Goodrum Is Not Required to Plead Facts in Support of a Disparate Impact Claim.**

The City argues that Lt. Goodrum must plead (1) that members of his protected category other than himself were adversely affected by promotional decisions; (2) that individuals similarly situated to Lt. Goodrum were treated differently; and (3) that the promotion of white individuals only is a historical norm for the Police Department. Def.'s Mot. to Dismiss Am. Compl. at 11. These are all factors relevant to a claim of disparate impact discrimination, and Lt. Goodrum does not bring a disparate impact claim against the City. These arguments by the City are unavailing.

> **III.     LT. GOODRUM HAS PLAUSIBLY ALLEGED A CLAIM OF RETALIATION IN VIOLATION OF TITLE VII AGAINST THE CITY.**

The City argues that Lt. Goodrum's claim of retaliation under Title VII fails as a matter of law. All three of the cases relied upon by the City in support of this argument were overruled by the Fourth Circuit in *Boyer-Liberto v. Fontainebleau Corp.*, 796 F.3d 264 (4th Cir. 2015).[6]

The City attaches a document as Exhibit B to its Motion to Dismiss to dispute the fact that Lt. Goodrum's October 2022 grievance constituted protected activity. Am. Compl. ¶ 41. This document is not referenced in Lt. Goodrum's Amended Complaint, is outside of the

---

[6] The City relies on: *Edward v. Murphy Brown, LLC*, 802 F. Supp.2d 670, 671 (E.D. Va. 2011); *Francisco v. Verizon South, Inc.*, 756 F.Supp. 2d 705, 727 (E.D. Va. 2010); *Jordan v. Alternative Resources Corp.*, 458 F.3d 332, 338 (4th Cir. 2006).

pleadings, and is not properly considered on a motion to dismiss. Even if it is considered, this document demonstrates — at most —the existence of a factual dispute between the parties over the substance of Lt. Goodrum's October 2022 grievance. This factual dispute does not warrant the dismissal of Lt. Goodrum's retaliation claim as a matter of law. Lt. Goodrum maintains, as stated in his pleadings, that his October 2022 complaint about the City's recent promotional decisions encompassed a concern of race-based discrimination based on his non-promotion to the position of Captain. Am. Compl. ¶ 41. This constitutes protected activity under Title VII.

Lt. Goodrum engaged in protected activity when, in October 2022, he grieved his non-selection for promotion, and suffered a material adverse action as a result when the City passed him over for promotion again in December 2022. Am. Compl. ¶¶ 41, 45. The temporal proximity between these two events is sufficient to plausibly allege a claim of retaliation. A period of weeks does not weaken the inference of retaliation created by the proximity of these two events.

To be sure, Lt. Goodrum need not demonstrate temporal proximity to plausibly allege causation between the protected activity in which Lt. Goodrum engaged and the City's adverse action that followed. "Most commonly, a plaintiff may establish that the adverse action bears sufficient temporal proximity to the protected activity to establish an inference of causation. *See, e.g.*, *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001). However, "[i]n cases where temporal proximity between protected activity and allegedly retaliatory conduct is missing, courts may look to the intervening period for other evidence of retaliatory animus." *Lettieri v. Equant Inc*., 478 F.3d 640, 650 (4th Cir. 2007) (internal quotation marks omitted); . "Specifically, evidence of recurring retaliatory animus during the intervening period can be sufficient to satisfy the element of causation." *Id.*

14

The temporal proximity between Lt. Goodrum's October 2022 grievance and his discovery he had been passed over by the City for promotion in December 2022 is sufficient to establish an inference of causation. Even if it were not, this inference is strengthened by the evidence of recurring retaliatory animus pled by Lt. Goodrum that arose between his first alleged engagement in protected activity and the materially adverse actions that followed.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Defendant's Motion to Dismiss Lt. Goodrum's Amended Complaint and allow Lt. Goodrum to proceed against the City on all of his claims.

Dated:          September 9, 2024                Respectfully,


                                   _____
                                          /s/
                                   Joshua Erlich, VA Bar No. 81298
                                   Katherine L. Herrmann, VA Bar No. 83203
                                   THE ERLICH LAW OFFICE, PLLC
                                   1550 Wilson Blvd., Ste. 700
                                   Arlington, VA  22209
                                   Tel:    (703) 791-9087
                                   Fax:    (703) 722-8114
                                   Email: jerlich@erlichlawoffice.com
                                          kherrmann@erlichlawoffice.com

                                   *Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 9, 2024, the foregoing was filed electronically using the Court's CM/ECF System, which sent a true and accurate copy to:

Robert Porter (VSB No. 78934)
Alexandria City Attorney's Office
301 King Street, Suite 1300
Alexandria, VA 22314
Tel: (703) 746-3750
Fax: (703) 838-4810
Email: robert.porter@alexandriava.gov

*Counsel for Defendant City of Alexandria*

      /s/
     Joshua Erlich (VA Bar No. 81298)
     jerlich@erlichlawoffice.com

     *Counsel for Plaintiff*