# EXHIBIT Q

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| DELTON GOODRUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case 1:24-cv-01111-PTG-WEF |
| CITY OF ALEXANDRIA, a municipal | ) |
| Corporation of Virginia, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant City of Alexandria ("Defendant," or "the City"), by counsel, states as follows for its responses and objections to Plaintiff's First Set of Interrogatories to the City of Alexandria ("the Interrogatories"). Discovery is continuing and the City reserves the right to supplement or revise its responses to the Plaintiff's discovery requests.

<u>General Objections</u>

Recognizing the general objections are disfavored, Defendant objects to Plaintiff's Discovery Requests to the extent that they are inconsistent with the Federal Rules of Civil Procedure or Eastern District of Virginia Local Civil Rules, or seek information or documents that are: (a) protected from discovery by attorney-client or other applicable privilege or doctrine; (b) not reasonably calculated to lead to the discovery of admissible evidence; (c) already in Plaintiffs' knowledge or possession; (d) obtainable by Plaintiffs from some other source that is more convenient, less burdensome, or less expensive than production by Defendant; (e) constitute confidential, sensitive, or proprietary business or personnel information, in the

absence of an appropriate protective order or agreement; and/or (f) require unreasonable or disproportionate efforts and/or expense to identify, locate, collect, produce, and/or analyze.

## Broadly Applicable Objections and Notes

1.      Trial preparation materials (as described in Fed. R. Civ. P. 26(b)(3)) and other materials subject to privilege (including the work product doctrine) will be described to the extent provided under Fed. R. Civ. P. 26(b)(5), in lieu of production.

2.      The terms "overbroad" and "unduly burdensome" are used herein to mean that a request is unduly burdensome or expensive, and/or unreasonably cumulative or duplicative or expansive, such that it is disproportionate to the needs of the case within the meaning of Fed. R. Civ. P. 26(b)(1), *i.e.*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3.      The following objections apply to Interrogatories 9 through 12: The City objects to the extent the interrogatory seeks information from third parties and that is not within its possession, custody, control, or knowledge, especially as multiple individuals involved in the events mentioned in the Amended Complaint are no longer employees of the City. The City also objects to the interrogatory to the extent it seeks information that is in the possession of, known to, or otherwise equally or more easily available to Lt. Goodrum, especially given his counsel's instruction to the City not to directly contact Michele McCarty about this case.

2

<u>Objections and Responses to Interrogatories</u>

*1. Identify all persons who provided information used in answering these Interrogatories and, for each person, state in detail the information provided.*

<u>OBJECTION(S)</u>: The City objects to the extent the interrogatory seeks information protected by the attorney-client privilege. Responsive non-privileged information will be provided based on a reasonable interpretation of the request.

<u>RESPONSE</u>:

- **Lt. Tara May**: provided information about the Lieutenants' meeting mentioned in Paragraph 20 of the Amended Complaint, as well as her meeting with Chief Hayes after the Lieutenants' meeting, and Chief Hayes' reasons for promotion Jerry Newcomb to Captain.
- **Former Chief Don Hayes**: provided info about the Lieutenants' meeting mentioned in Paragraph 20 of the Amended Complaint, transfers of Lt. Goodrum out of and Lt. Marcus Downey into the Training and Recruiting Section, the temporary placement of Lt. Downey into an Acting Captain role, the settlement agreement concerning the Captain selection process, and the promotions to Captain of Courtney Ballantine and Jerry Newcomb.
- **Valerie Correa**: provided information about the Police Department's personnel records and policies.
- **Cpt. Jaime Bridgeman**: provided information about his feedback to Chief Hayes in December 2022 about Lt. Goodrum's fitness for the Captain position and the Captain selection process.
- **Cpt. Courtney Ballantine**: provided information about his feedback Chief Hayes in December 2022 regarding Mike May's fitness for a Captain position, and his discussions with Lt. Goodrum regarding the quality of his work and career counseling during the annual performance evaluation process.
- **Former Cpt. Shannon Soriano**: provided information about the grievance settlements regarding the 2020 Captain selection process; the placement of Lt. Downey in Acting Captain role, and Chief Hayes' emphasis on diversity in hiring.
- **Cpt. Monica Lisle**: provided information about her feedback to Chief Hayes in December 2022 about the fitness of Lts. Tara May, Steve Carr, Jerry Newcomb, and Liz Maygar for a Captain position.
- **Ofc. Shakita Warren**: provided information about the work of Lt. Goodrum and Lt. Downey in the Training and Recruiting Section, the transfer of Lt. Goodrum out of the Training and Recruiting Section, and Chief Hayes' comments regarding selecting Lt. Goodrum for Captain.

3

- **Cpt. Dennis Andreas**: provided information about the decision to transfer Lt. Downey into and Lt. Goodrum out of the Training and Recruiting Section, the placement of Lt. Downey in an Acting Captain role, his supervision of Lt. Goodrum, his discussions with Lt. Goodrum regarding his performance and career counseling, the individuals involved in the 2020 Captain selection process, the individuals present for the Lieutenants' meeting, the

- **Cpt. Gregg Ladislaw**: provided information about his discussions with Lt. Goodrum regarding the quality of his work and career counseling during Lt. Goodrum's annual performance evaluation process.

- **Ofc. Bennie Evans**: provided information about Chief Hayes' comments about what he was looking for in a Captain and Ofc. Evans' comments to Lt. Goodrum regarding the same.

Discovery is continuing and the City reserves the right to supplement or revise this response and all responses to the Plaintiff's discovery requests.

*2. Identify each person (other than a person intended to be called as an expert witness at trial) having discoverable information that tends to support a position that you have taken or intent to take in this action, including any affirmative defense and counterclaim, and state in detail the information possessed by each person identified.*

OBJECTION(S): This request is, in effect, both a contention interrogatory and a request for the City to share attorney impressions or other attorney-client privileged litigation information regarding the significance or selection of particular evidence. Attorney impressions and other privileged information will not be shared, but non-privileged information supporting the City's denials or defenses will be produced and supplemented seasonably if and as further such information is discovered or becomes so understood.

RESPONSE: The following individuals have or likely have discoverable information tending to support positions the City has taken or intends to take:

**Don Hayes:** Former Chief of the Alexandria Police Department ("APD"). He likely has discoverable information regarding the promotions of Jerry Newcomb and Courtney Ballentine to Captain, the transfer of the Plaintiff, Lt. Goodrum, out of the Training and Recruitment Section, the transfer of Lt. Downey into that Section, the temporary placement of Lt. Downey in an Acting Captain role, the Lieutenants' meeting mentioned in Paragraph 20 of the Amended Complaint, Plaintiff's 2020 performance evaluation, Plaintiff's 2021 and 2022 grievances, and the settlement agreement concerning the eligibility list for Captain.

**Cpt. James Bridgeman:** Plaintiff's former supervisor. Likely has discoverable information about Lt. Goodrum's 2022 grievance (mentioned in Paragraph 42 of the Amended Complaint), and Lt. Goodrum's job performance.

4

**Ann McClure:** Investigator, Alexandria Office of Human Rights. Likely has discoverable information about the subjects covered in the May 11, 2022, Administrative Inquiry Memorandum, including the Lieutenant's meeting and Lt. Goodrum's transfer out of the Training and Recruitment Section.

**David Miller:** Investigator, Alexandria Office of Human Rights. Likely has discoverable information about the subjects covered in the May 11, 2022, Administrative Inquiry Memorandum, including the Lieutenant's meeting and Lt. Goodrum's transfer out of the Training and Recruitment Section.

**Jean Kelleher**: Former Director, Alexandria Office of Human Rights. Likely has discoverable information about the subjects covered in the May 11, 2022, Administrative Inquiry Memorandum, including the Lieutenant's meeting and Lt. Goodrum's transfer out of the Training and Recruitment Section.

**Michele McCarty:** APD Division Chief, Support Services Division. Likely has discoverable information about Lt. Goodrum's 2022 performance review, Lt. Goodrum's job performance, the Captain selection process that began in about September 2020 ("Captain selection process"), and APD policies.

**Sharntel Sutton:**  Former APD Division Chief HR. Likely has discoverable information about the Captain selection process, Lt. Goodrum's 2020 performance evaluation and his job performance, APD policies, Lt. Goodrum's March 2022 transfer, and statements made by Don Hayes about the Captain promotional process during the May 2019 Lieutenant's staff meeting.

**Valerie Correa:** Acting Division Chief, APD HR & Labor Relations. Likely has discoverable information about the APD's Human Resources policies.

**Shannon Soriano:** Former APD Captain. Likely has discoverable information about the Captain selection process, the placement of Lt. Downey in an Acting Captain role, and Chief Hayes' emphasis on diversity in hiring.

**Janet K. Manuel:** Former Chief HR Officer. Likely has discoverable information about the Captain selection process, the extension of the eligibility list in June 2023, Lt. Goodrum's 2022 grievance, and the City's HR policies.

**Calvin Stover:** Former Employee and Labor Relations Manager for the City. Likely has discoverable information about the 2020 Captain selection process and the City's HR policies.

**Shawnda H. Howard:** Former Chief Human Resources Officer. Likely has discoverable information about the 2020 selection process for Captain and the City's HR policies.

**Michael L. Brown:** Former Police Chief. Likely has discoverable information about the 2020 Captain selection process.

5

**Morris & McDaniel, Inc.:** Outside Vendor. Likely has discoverable information about the 2020 Captain selection process.

**Mark Jinks:** Former City Manager: Former Alexandria City Manager. Likely has discoverable information about the settlement agreement regarding the list of eligible candidates for Captain.

**Yon Lambert:** Deputy City Attorney. Likely has discoverable information about the role of the City Manager's Office in hiring and promotions at the APD.

**Jerry Newcomb:** Cpt. Newcomb likely has information about his selection for promotion to Captain by former Chief Hayes in or around December 2022. Lt. Newcomb participated in the September 2020 promotional process and signed the settlement agreement arising from the collective grievances filed by applicants related to that process.

**Courtney Ballentine.** Cpt. Ballentine likely has information about his selection for promotion to Captain by Former-Chief Hayes in or around June 2022. Lt. Ballentine participated in the September 2020 promotional process and signed the settlement agreement arising from the collective grievances filed by applicants related to that process.

**Marcus Downey**. Lt. Downey likely has information about his selection to serve as Acting Captain by Former-Chief Hayes in or around October 2022. Lt. Downey also assumed Lt. Goodrum's former role in the Training and Recruitment Section following Lt. Goodrum's transfer out of the Section. Likely to have information about whether and to what extent Chief Hayes emphasized diversity in hiring.

**Steven Carr.** Lt. Carr likely has information about the September 2020 promotional process. He participated in this process and signed the settlement agreement arising from the collective grievances filed by applicants related to that process.

**Lesbia Magyar.** Lt. Magyar likely has information about the September 2020 promotional process. She participated in this process and signed the settlement agreement arising from the collective grievances filed by applicants related to that process.

**Michael May.** Lt. Michael May likely has information about the September 2020 promotional process. He participated in this process and signed the settlement agreement arising from the collective grievances filed by applicants related to that process.

**Tara May.** Lt. Tara May likely has information about the September 2020 promotional process. She participated in this process and signed the settlement agreement arising from the collective grievances filed by applicants related to that process. Also likely to have information about Chief Hayes' reasons for selecting Jerry Newcomb, the Lieutenants' meeting in which then-Acting Chief Hayes mentioned Lt. Goodrum, and the response to Hayes' comments after the meeting.

**Scott Patterson.** Scott Patterson likely has information about the September 2020 promotional process. He was likely present at the Lieutenant's staff meeting wherein Don Hayes expressed his intent to promote Lt. Goodrum to Captain to promote diversity, and subsequently

6

communicated with Don Hayes about this statement. Scott Patterson participated in this Captain promotion process and signed the settlement agreement arising from the collective grievances filed by applicants related to that process.

**Ed Milner.** Ed Milner is a retired Police Lieutenant, formally at APD. He likely has information about the transfer of Lt. Goodrum in March 2022 and is a witness to communications between Don Hayes and Lt. Marcus Downey about the transfer.

**Biruk Dessalegn.** Biruk Dessalegn is a Police Lieutenant at APD. He was likely present at the staff meeting wherein Don Hayes mentioned the promotion of Lt. Goodrum to the position of Captain for purposes of diversity.

**Lauren Goodrum.** Mrs. Goodrum is Lt. Goodrum's wife. She likely has knowledge and information related to the damages suffered by Lt. Goodrum and likely spoke to Don Hayes about the promotion of Lt. Goodrum.

**Ali Asonglefac.** Ali Asonglefac is a Police Sergeant at APD. He likely has information about Don Hayes' decision to promote Jerry Newcomb and Don Hayes' evaluation of Lt. Newcomb's performance and fit for the position following the promotion.

**Tony Moore.** Tony Moore is a Police Sergeant at APD. He likely has information about Don Hayes' decision to promote Jerry Newcomb and Don Hayes' evaluation of Lt. Newcomb's performance and fit for the position following the promotion.

**Cynthia Hurley.** Cynthia Hurley is a Police Sergeant at APD who can likely speak to Lt. Goodrum's work performance at APD.

**Jennifer Rivas.** Jennifer Rivas is a Police Officer at APD who can likely speak to Lt. Goodrum's work performance at APD.

The records the parties have produced and will produce in which these listed individuals are named indicate what information these individuals possess. The City is not in a position to state what the listed individuals know or do not know.

Discovery is continuing and the City reserves the right to supplement or revise this response and all responses to the Plaintiff's discovery requests.

*3. Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and attach to your answers any written report made by the expert concerning those findings and opinions.*

OBJECTION(S): This interrogatory is inconsistent with the Court's Scheduling Order and the parties' Amended Discovery Plan, which provides dates for the disclosure of expert witness

information. Information will be provided as and when required by those documents. The City also objects to the interrogatory to the extent it is a request to produce documents.

<u>RESPONSE</u>: The City has not made a decision as to the use of an expert at this time. Once such a decision is made, this response will be promptly supplemented.

*4. If any person carrying on an insurance business might be liable to satisfy part or all of a judgment that might be entered against you in this action or to indemnify or reimburse you for payments made to satisfy the judgment, identify that person, state the applicable policy limits of any insurance agreement under which the person might be liable, and describe any question or challenge raised by the person relating to coverage for this action.*

<u>OBJECTION(S)</u>: Responsive non-privileged information will be provided based on a reasonable interpretation of the request.

<u>RESPONSE</u>: The City is aware of no such person at this time and knows of no insurance agreement that would indemnify or reimburse the City for payments made to satisfy a judgment in this case.

*5. Describe in detail all facts supporting each affirmative defense asserted in Defendant's Answer, identifying all persons with knowledge of those facts and all documents that relate to, refer to, or evidence those facts.*

<u>OBJECTION(S)</u>: This interrogatory is, in effect, both a contention interrogatory and a request for the City to share attorney impressions or other attorney-client privileged litigation information regarding the significance or selection of particular evidence. Attorney impressions and other privileged information will not be shared, but information supporting the substance of the City's affirmative defenses will be produced and supplemented seasonably if and as further such documents are discovered or become so understood.

<u>RESPONSE</u>: Former Police Chief, Don Hayes hired and promoted many non-white candidates, including Black candidates. His hiring of Assistant Chiefs Tina Laguna (Black), Easton McDonald (Black), and Raul Pedroso (Hispanic/Latino) are examples of this.

Chief Hayes was preparing Lt. Goodrum to advance to Captain, including by transferring him to administrative roles and other roles that would develop his professional experience. As Chief he acted to help Lt. Goodrum's career, not to harm his chances of advancement.

Chief Hayes' reasons for promoting Courtney Ballantine to Captain include:

- Ballantine's professional background and credentials were superior to Lt. Goodrum's;
- At the time of his selection, Ballantine was already an Acting Captain, having been placed in this role by former Chief Brown;

8

- Ballantine's skills and experience were more suited for the particular needs of the Department at that time;
- Ballantine engaged in community policing more than did Lt. Goodrum;
- The promotion of Ballantine was consistent with all City and departmental rules governing promotions.

Chief Hayes' reasons for promoting Jerry Newcomb to Captain include:

- Newcomb's professional background and credentials were superior to Lt. Goodrum's;
- Newcomb's skills and experience were more suited for the particular needs of the Department at that time;
- Newcomb engaged in community policing more than did Lt. Goodrum;
- Newcomb is skilled at relating to younger officers in the Department; and
- The promotion of Newcomb was consistent with all City and departmental rules governing promotions. Neither the APD Directives nor the relevant settlement agreement required Chief Hayes to select from Category I.

Chief Hayes' reasons for transferring Lt. Goodrum out of the Training and Recruiting Section include:

- Lt. Goodrum was not performing well in the position. He began no new initiatives and the work product he provided to Chief Hayes at that time was mediocre to poor, indicating to the Chief that he lacked interest in the job duties.
- Goodrum had previously requested to work in the Motors Section, so this is where Chief Hayes transferred him to.

Chief Hayes' reasons for transferring Lt. Downey into the Training and Recruiting Section include:

- Chief Hayes believed Lt. Downey would be good in the role. He was correct: Lt. Downey was innovating as an officer in the Training and Recruiting Section and took on extra duties while doing this work, as well.

Chief Hayes' reasons for temporarily placing Lt. Downey into an Acting Captain role include:

- Chief Hayes placed Lt. Downey in an Acting Captain role to elevate the importance of the Training and Recruiting Section. He believed Lt. Downey could handle the role because of his performance in the Training and Recruiting Section up to that point.

- Chief Hayes selected Downey to be Acting Captain in part because he was not on the list of eligibles for Captain. If Chief Hayes had placed a candidate for Captain in the role of Acting Captain, he believed the other candidates would have complained.

As explained in the City's Motion to Dismiss, all counts of Lt. Goodrum's Amended Complaint fail to state a claim for which relief can be granted under Federal Rule 12(b)(6).

Discovery is continuing and the City reserves the right to supplement or revise this response and all responses to the Plaintiff's discovery requests.

*6. If you contend Lt. Goodrum is not entitled to any of the damages he has claimed (for any reason other than denial of liability), please describe fully all facts supporting such contentions.*

OBJECTION(S): This request is, in effect, both a contention interrogatory and a request for the City to share attorney impressions or other attorney-client privileged litigation information regarding the significance or selection of particular evidence. Attorney impressions and other privileged information will not be shared, but information that specifically supports the City's contention that Lt. Goodrum is not entitled to his claimed damages will be provided and supplemented seasonally if and as further such documents are discovered or becomes so understood.

RESPONSE: Lt. Goodrum has the burden of proving he is entitled to damages. Many of the claimed economic damages in his Initial Disclosure Statement are purely speculative. He has also failed to provide any evidence that he attempted to mediate his damages. Nor has he presented any evidence that he is entitled to any compensatory damages resulting from emotional or psychological harm. He has not indicated that he has been formally diagnosed with any condition or that such a condition is connected to any action or inaction by the City. Lt. Goodrum has also failed to show any reason that the City's actions merit punitive damages.

*7. Identify and describe all complaints of race-based discrimination and/or failure to promote filed against the City of Alexandria Police Department with the United States Equal Employment Opportunity Commission or any state or local human rights commission, or any other administrative agency, from January 1, 2019, to present and state the outcome of each claim.*

OBJECTION(S): Responsive non-privileged information will be provided based on a reasonable interpretation of the request.

RESPONSE: The following are individuals who made race-based discrimination or failure-to-promote complaints against the APD, either internally or externally, anytime from 2019 to the present:

- **Michele McCarty** filed a charge in the Alexandria Office of Human Rights (OHR) leading to a federal lawsuit (1:24-cv-00600) filed in April 2024, alleging race discrimination, hostile work environment, and retaliation. The lawsuit is ongoing.
- **Nancy Climaco** filed an OHR charge (E-008-022624) in February 2024, alleging she was not hired because of discrimination based on race and other bases. The matter is pending in OHR.
- **Shakita Warren** – OHR complaint (E-016-091823) filed in September 2023 alleging harassment based on race and other bases. OHR issued a finding of no reasonable cause. Ofc. Warren has also complained internally and there is an ongoing investigation into her allegations.
- **Maderia Turner** filed an EEOC Charge leading to a federal lawsuit filed in August 2023 (1:23-cv-01072), alleging harassment and constructive discharge based on race and other bases. The case was dismissed by the Plaintiff.
- **Monica Lisle** initiated a grievance in December 2022 and filed an OHR charge (E-020-092922) in March 2023, alleging she was not promoted to Assistant Chief based in part on race. The OHR charge resulted in a finding that there was insufficient evidence to support the allegations.  The grievance is on appeal to the Virginia Court of Appeals.
- **Jaime Bridgeman** initiated a grievance in December 2022 alleging non-promotion based in part on improper considerations of race. He later withdrew the grievance.
- **Richard Haynes** filed an OHR charge (E-011-042622) in May 2022, alleging his termination was based on his race and other categories. OHR found insufficient evidence to support the allegations.
- **Michele McCarty and Sharntel Sutton** initiated an internal complaint in April 2022, alleging race discrimination and retaliation, among other things.  OHR investigators found insufficient evidence to support the allegations.

*8. Identify and describe all formal or informal complaints of race-based discrimination reported by former or current employees to the City of Alexandria Police Department from January 1, 2019, to the present and state the outcome of each claim.*

OBJECTION(S): The request is overbroad in that the City has no basis by which to identify informal complaints. Subject to that objection, the City will respond by referencing to the Bates numbers of any responsive documents.

RESPONSE: See City's response to Interrogatory No. 7, above.

*9. Describe in detail the process by which the City of Alexandria Police Department selected individuals to promote to the Captain positions at issue in the instant matter. Include in your description the number of applicants and interviews completed for each promotion, how those applications were solicited, collected, and reviewed, and how those interviews were conducted.*

11

OBJECTION(S): Subject to Broadly Applicable Objection No. 3, above, responsive non-privileged information will be provided based on a reasonable interpretation of the request.

RESPONSE: Courtney Ballantine was promoted to Captain in June 2022 and Jerry Newcomb was promoted to Captain in December 2022. Their promotions followed the policies and procedures set out in A.R. 6-26 (Public Safety Promotions) and APD Directive 4.21 (Sworn Promotions) that were in effect at that time. Marcus Downey was never promoted to Captain. He was temporarily placed in an Acting Captain role in September 2022. His placement as Acting Captain was not based on any promotion process and was the decision of Chief Hayes.

The process that resulted in the promotions of Ballantine and Newcomb to Captain began when the Department issued an internal notice to APD staff regarding the process for promotion to Captain (document Bates numbered City.Docs 00319-323). The notice explained the process and gave a deadline of October 20, 2020, for candidates to submit application packets to then Assistant Director Michele McCarty.

The City hired Morris & McDaniel, Inc. to conduct the testing of the candidates. Morris & McDaniel. The company used a three-person panel to evaluate each candidate on each of three exercises. Each candidate then received a score on a 7-point scale based on his or her performance.

Morris & McDaniel provided these scores to the City. An eligibility list was then created. The eligibility list, issued as a memo from then-Chief HR Officer Shawnda Howard to then-Police Chief Michael Brown on December 17, 20202 (document Bates numbered City.Docs. 00325), divided candidates into two categories: Category 1 and Category 2. Any candidates placed into Category 3 were not included in the list, consistent with APD Dir. 4.2105(J). The list included six Category 1 candidates, including Lt. Goodrum, and three Category 2 candidates. The process articulated in APD Directive 4.21 does not provide for candidates within a given category to be ranked against each other.

Some candidates on the eligibility list – Steven Carr, Lesbia Magyar, Michael May, Tara May, Jerry Newcomb, and Matthew Weinert – filed a grievance against the City, alleging that then-Chief Brown had impermissibly added an additional requirement to the promotion process that was not included in the promotion notice issued by the City. The remaining candidates on the eligibility list – Courtney Ballantine, Delton Goodrum, and Scott Patterson – also filed a grievance after the City and APD announced on July 15, 2021, that it would not promote from the eligibility list but would start a new promotion process.

On December 14, 2021, all grievants who were still employed by the APD settled their grievances with the City and the APD (Bates Nos: City.Docs.00327-28). The settlement agreement, which was signed by all grievants still employed by APD, as well as then-City Manager Mark Jinks and then-Acting Chief Don Hayes, stated that the Captain eligibility list would remain in effect until December 18, 2022. The agreement stated that "The Police Chief reserves the right to select from CATEGRORY II, even if there are candidates remaining in Category I."

The agreement was subsequently extended by six months to June 18, 2023. In a memo dated June 5, 2023, then-Chief HR Officer Janet Manuel notified then-Chief Hayes that the eligibility list would not be extended but would expire on June 18, 2023. (Bates number: City.Docs.00326.)

Effective June 11, 2022, Chief Hayes promoted Courtney Ballantine from the Captain eligibility list.  Effective December 10, 2022, Chief Hayes promoted Jerry Newcomb from the eligibility list.

Discovery is continuing and the City reserves the right to supplement or revise this response and all responses to the Plaintiff's discovery requests.

*10. Identify the name and title of any individuals involved in the promotion decisions at issue and the role they played in the promotional process.*

OBJECTION(S): Subject to Broadly Applicable Objection No. 3, above, responsive non-privileged information will be provided based on a reasonable interpretation of the request.

RESPONSE:  See the City's Response to Interrogatory No. 9. The City does not know the names of the individuals at Morris & McDaniel involved in the decision. The individuals in City HR who were likely involved in the decision are no longer employed by the City. The one exception is Michele McCarty, whom Plaintiff's counsel has instructed the City not to contact.

Discovery is continuing and the City reserves the right to supplement or revise this response and all responses to the Plaintiff's discovery requests.

*11. List and describe in detail any and all communications (whether oral or written) between the decision-making officials identified in response to Interrogatory No. 10, supra, which referenced or regarded Lt. Goodrum's suitability or non-suitability for the position of Captain.*

OBJECTION(S): Subject to Broadly Applicable Objection No. 3, above, responsive non-privileged information will be provided based on a reasonable interpretation of the request.

RESPONSE: The only decision-making official was Don Hayes, who made the decisions to promote Ballantine and Newcomb to Captain and to place Downey as Acting Captain.

As part of the process that resulted in the promotion of Jerry Newcomb to Captain, Chief Hayes emailed the then-current supervisors of the candidates for Captain, asking the supervisors whether their subordinates were fit for promotion to Captain:

- Chief Hayes emailed Captain Lisle on December 18, 2022, asking whether there were any reasons why Tara May, Steve Carr, Jerry Newcomb, or Lesbia Magyar should not be considered for promotion to Captain. The same day, Captain Lisle replied "No[.]"

13

- Chief Hayes emailed Captain Ballantine on December 18, 2022, asking whether there were any reasons why Michael May should not be considered for promotion to Captain. The same day, Captain Ballantine answered, "No."
- Chief Hayes emailed Captain Bridgeman on December 18, 2022, asking whether there were any reasons why Delton Goodrum and Scott Patterson should not be considered for promotion to Captain. The same day, Captain Bridgeman answered, "No. I would support either choice."

*12. List and describe in detail any and all communications (whether oral or written) between the decision-making officials identified in response to Interrogatory No. 10, supra, which referenced or regarded the suitability or nonsuitability of any other applicant for promotion to Captain between January 1, 2020, and present.*

OBJECTION(S): Subject to Broadly Applicable Objection No. 3, above, responsive non-privileged information will be provided based on a reasonable interpretation of the request.

RESPONSE: See the City's Answer to Interrogatory No. 11, above.

Although they were not officials who decided whether to promote Ballantine or Newcomb to Captain, Lt. Goodrum's supervisors spoke with him annually about his career advancement. These conversations occurred as part of his annual evaluation and are recorded in his personnel files in documents called Career Counseling Record, F-APD-0245, which are signed by Lt. Goodrum and his supervisor.

In addition, Lt. Goodrum discussed his career advancement with Cpt. Ladislaw, who was his supervisor in 2019-2020, on other occasions as well. Their workstations were close to each other, and they would discuss Lt. Goodrum's career advancement from time to time.

*13. Describe how candidates for a promotional opportunity are ranked into eligibility categories, including a list of all factors considered in the City's determination of the eligibility category to which a candidate for promotion is assigned, as well as the ranking of individuals within each category.*

OBJECTION(S): The City objects to this request as overbroad and unduly burdensome to the extent that it concerns promotional opportunities in the City generally. The City will thus interpret "a promotional opportunity" to mean "a promotional opportunity for sworn officers in the Alexandria Police Department," as no other promotional opportunities are relevant to this case. The City also objects to the interrogatory to the extent it seeks information from third parties and not within the City's possession, custody, control, or knowledge. Subject to these objections, responsive non-privileged information will be provided based on a reasonable interpretation of the request.

RESPONSE:   The City is in the process of gathering the information necessary to fully respond and will submit a response as soon as it has done so.

14

*14. Identify and describe in detail any and all reason(s) why the City of Alexandria Police Department did not select Lt. Goodrum to be promoted to the position of Captain in June 2022.*

OBJECTION(S): Responsive non-privileged information will be provided based on a reasonable interpretation of the request.

RESPONSE: Chief Hayes' reasons for promoting Courtney Ballantine to Captain include:

- Ballantine's professional background and credentials were superior to Lt. Goodrum's;
- At the time of his selection, Ballantine was already an Acting Captain, having been placed in this role by former Chief Brown;
- Ballantine's skills and experience were more suited for the particular needs of the Department at that time;
- Ballantine engaged in community policing more than did Lt. Goodrum;
- The promotion of Ballantine was consistent with all City and departmental rules governing promotions.

Discovery is continuing and the City reserves the right to supplement or revise this response and all responses to the Plaintiff's discovery requests.

*15. Identify and describe in detail any and all reason(s) why the City of Alexandria Police Department did not select Lt. Goodrum to be promoted to the position of Captain in September 2022.*

OBJECTION(S): Responsive non-privileged information will be provided based on a reasonable interpretation of the request.

RESPONSE: No one was promoted to Captain in APD in September 2022. Chief Hayes temporarily placed Lt. Marcus Downey in an Acting Captain role at that time. Chief Hayes' reasons for doing so include:

- Chief Hayes placed Lt. Downey in an Acting Captain role to elevate the importance of the Training and Recruiting Section. He believed Lt. Downey could handle the role because of his performance in the Training and Recruiting Section up to that point.
- Chief Hayes selected Downey to be Acting Captain in part because he was not on the list of eligibles for Captain.  If Chief Hayes had placed a candidate for Captain in the role of Acting Captain, he believed the other candidates would have complained.

15

*16. Identify and describe in detail any and all reason(s) why the City of Alexandria Police Department did not select Lt. Goodrum to be promoted to the position of Captain in December 2022.*

OBJECTION(S): Responsive non-privileged information will be provided based on a reasonable interpretation of the request.

RESPONSE:  Chief Hayes' reasons for promoting Jerry Newcomb to Captain include:

- Newcomb's professional background and credentials were superior to Lt. Goodrum's;
- Newcomb's skills and experience were more suited for the particular needs of the Department at that time;
- Newcomb engaged in community policing more than did Lt. Goodrum;
- The promotion of Newcomb was consistent with all City and departmental rules governing promotions. Neither the APD Directives nor the relevant settlement agreement required Chief Hayes to select from Category I.
- Newcomb is skilled at relating to younger officers in the Department.

*17. Describe in detail any and all qualifications held by the individual(s) the City of Alexandria Police Department decided to promote to Captain in June 2022 which the City contends made the individual selected for promotion better qualified for the position than Lt. Goodrum.*

OBJECTION(S): Responsive non-privileged information will be provided based on a reasonable interpretation of the request, including the City's understanding that this interrogatory refers to Courtney Ballentine's promotion to Captain.

RESPONSE:  The City will produce the personnel files of Courtney Ballantine and Delton Goodrum from 2015 to the present. These records speak for themselves.  Notably, at the time he was promoted to Captain, Ballantine had already been placed into an Acting Captain position by former Police Chief Brown.

*18. Describe in detail any and all qualifications held by the individual(s) the City of Alexandria Police Department decided to promote to Captain in September 2022 which the City contends made the individual selected for promotion better qualified for the position than Lt. Goodrum.*

OBJECTION(S): Responsive non-privileged information will be provided based on a reasonable interpretation of the request, including the City's understanding that this interrogatory is meant to refer to Marcus Downey (although the City does not concede that Lt. Downey was promoted to Captain in September 2022).

RESPONSE: No individuals were promoted to APD Captain in September 2022. The City will produce the personnel files of Marcus Downey and Delton Goodrum from 2015 to the present. The City will

16

These records speak for themselves. At the time he was placed in a temporary Acting Captain role in the Training and Recruiting Section, Lt. Downey was already doing an excellent job in the Section.

*19. Describe in detail any and all qualifications held by the individual(s) the City of Alexandria Police Department decided to promote to Captain in December 2022 which the City contends made the individual selected for promotion better qualified for the position than Lt. Goodrum.*

OBJECTION(S): Responsive non-privileged information will be provided based on a reasonable interpretation of the request, including the City's understanding that this interrogatory refers to Jerry Newcomb's promotion to Captain.

RESPONSE: The City will produce the personnel files of Jerry Newcomb and Delton Goodrum from 2015 to the present. These records speak for themselves. At the time he was promoted to Captain, Jerry Newcomb had demonstrated to Chief Hayes an emphasis on community policing.

*20. Explain why, in or around March 2022, the City of Alexandria Police Department transferred Lt. Goodrum from the Training and Recruiting Section to the Traffic and Safety Section of the department.*

OBJECTION(S): Responsive non-privileged information will be provided based on a reasonable interpretation of the request.

RESPONSE: Chief Hayes' reasons for transferring Lt. Goodrum out of the Training and Recruiting Section include:

- Lt. Goodrum was not performing well in the position. He began no new initiatives and the work product he provided to Chief Hayes at that time was mediocre to poor, indicating to the Chief that he lacked interest in the job duties.
- Goodrum had previously requested to work in the Motors Section, so this is where Chief Hayes transferred him to.

Chief Hayes' reasons for transferring Lt. Downey into the Training and Recruiting Section include:

- Chief Hayes believed Lt. Downey would be good in the role. He was correct: Lt. Downey was innovating as an officer in the Training and Recruiting Section and took on extra duties while doing this work, as well.

*21. Explain the City's denial of the Alexandria Police Department having only ever employed white Captains, as provided in Paragraph 51 of the City's Answer. Identify by name any non-white individual employed in the position of Captain since January 1, 2000, the dates*

17

*during which they held the position, and – if applicable – the reason why they are no longer in the position.*

<u>OBJECTION(S)</u>: Responsive non-privileged information will be provided based on a reasonable interpretation of the request.

<u>RESPONSE</u>: The list of non-white Captains employed by the APD includes the following:

- o Juan Torres (Hispanic Male)
  - Hired 4/29/91
  - Promoted to Capt 5/10/14
  - Retired 8/1/15

- o Hassan Aden (Black Male)
  - Hired: 8/27/87
  - Promoted to Capt. 12/17/05
  - Promoted to Dep. Chief 10/31/09
  - Retired 11/16/12

- o David Ray (Black Male)
  - Hire 1/3/86
  - Promoted to Capt. 5/22/04
  - Retired 4/1/12

- o Eddie Reyes (Hispanic Male)
  - Hired 12/26/90
  - Promoted to Cpt. 2/14/04
  - Promoted to Dep Chief 6/27/09
  - Retired 2/1/16

- o Cleveland Spruill (Black Male)
  - Hired 8/27/87
  - Promoted to Cpt. 10/2/99 (effective 1/1/2000)
  - Promoted to Dep Chief 12/2/06
  - Retired 5/1/14

- o Earl Cook (Black Male)
  - Hired 1/9/79
  - Promoted to Capt. 11/7/92
  - Promoted to Dep Chief 5/19/95
  - Promoted to Chief 8/25/09

- ▪ Retired 10/1/2016

  - o Donald Hayes (Black Male)
    - ▪ Hired 3/23/81
    - ▪ Promoted to Sgt. 9/21/96
    - ▪ Promoted to Lt. 8/7/99
    - ▪ Promoted to Capt. 7/20/13
    - ▪ Promoted to Asst. Chief 4/20/19
    - ▪ Promoted to Chief 4/18/22

Discovery is continuing and the City reserves the right to supplement or revise this response and all responses to the Plaintiff's discovery requests.

*22. Explain any instances, from January 1, 2019 to present, wherein a decisionmaker at the Alexandria Police Department passed over an individual in the Category I eligibility category to select a candidate for promotion in the Category II eligibility category. For each instance identified, state the position to be filled internally by promotion, the date of the promotional decision, the name and race of the Category I eligible employee(s) passed over for promotion, and the name and race of the Category II eligible employee(s) selected instead.*

<u>OBJECTION(S)</u>: Responsive non-privileged information will be provided based on a reasonable interpretation of the request.

<u>RESPONSE</u>: The City is in the process of gathering the information necessary to fully respond and will submit a response as soon as it has done so.

<u>VERIFICATION</u>

The information provided comes from many sources and many persons, as detailed

above. I believe, based not on personal knowledge but available information, that the foregoing

answers are true and correct to the best of my knowledge, information, and belief.

*Valerie Correa*
_____
Valerie Correa

20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of October 2024, a copy of the foregoing was sent by electronic mail to the following:

Joshua Erlich, VA Bar No. 81298
Katherine Herrmann, VA Bar No. 83203
The Erlich Law Office, PLLC
1550 Wilson Blvd., Suite 700
Arlington, VA 22209
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: jerlich@erlichlawoffice.com
        kherrmann@erlichlawoffice.com

*Counsel for Plaintiff Delton Goodrum*

_____/s/_____
Robert Porter (VSB No. 78934)
**ALEXANDRIA CITY ATTORNEY'S OFFICE**
301 King Street, Suite 1300
Alexandria, VA 22314
Tel:    (703) 746-3750
Fax:    (703) 838-4810
Email:  robert.porter@alexandriava.gov

*Counsel for Defendant City of Alexandria*

21