# EXHIBIT X



## OFFICE OF THE CITY ATTORNEY

301 KING STREET, SUITE 1300
ALEXANDRIA, VIRGINIA 22314

http://alexandriava.gov

(703) 746-3750

FACSIMILE
(703) 838-4810

**CITY ATTORNEY**
JOANNA C. ANDERSON

**DEPUTY CITY ATTORNEYS**
JILL A. SCHAUB
CHRISTINA ZECHMAN BROWN
MEGHAN S. ROBERTS

**SENIOR ASSISTANT CITY ATTORNEYS**
KAREN S. SNOW
TRAVIS S. MacRAE

**ASSISTANT CITY ATTORNEYS**
DAVID E. LANIER, JR.
SHAWN LASSITER
SARAH McELVEEN
HELEN CLEMENS
ROBERT PORTER

July 5, 2023

***VIA EEOC RESPONDENT PORTAL***
US EEOC - Washington Field Office
131 M St. NE, 4th Floor
Washington, DC 20507

**Re:  Respondent's Response**
 ***Delton Goodrum v. City of Alexandria***
 **EEOC Charge No.: 570-2023-00841**

Sir or Madam:

This is the City of Alexandria's ("the City") response to Delton Goodrum's Charge of Discrimination, dated April 24, 2022, alleging that the City discriminated against him because of his race (African American/Black) and retaliated against him because he had engaged in prior protected activity, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Virginia Human Rights Act, Va. Code Ann. § 2.2-3900 *et seq.*; and the Human Rights Code of the City of Alexandria, Section 12-4-1 *et seq.* Because it has no basis in fact or law, the EEOC should dismiss the Charge.

### I.   INTRODUCTION



---

[1] Despite Lt. Goodrum's allegation, Lt. Ballantine was promoted on June 11, 2022.



## II.  STATEMENT OF FACTS

### Background

Lt. Goodrum joined the City on April 29, 1996. (Personnel Action Form, Exhibit A.) In his 27 years with the City so far, he has climbed the ranks, earning a promotion to Lieutenant in October 2014. (Memo, Oct. 2, 2015[2], Exh. B.)

### Chief Hayes' Comments on Lt. Goodrum

(Investigative Report, pp. 9, 15, Exh. C.)[3]  He explained that some in the Department misunderstood him to mean that he was promoting Lt. Goodrum *because* of his race, which was false. (*Id.* at p. 9.) In context, Chief Hayes was relaying this prior conversation to point out and criticize racist attitudes the Department needed to jettison.  This incident was later investigated by the Alexandria Office of Human Rights (OHR) pursuant to an administrative inquiry, which resulted in a report issued on May 11, 2022. (*Id.*)

### Chief Hayes' 2022 Personnel Actions

On March 5, 2022, Chief Hayes made a change in the Department's Human Resources and Training Division, transferring Lt. Goodrum, who had been working in that Division, to the

---

2 To reduce unnecessary pages, the first page only has been included.
3 To reduce unnecessary pages, only pages 1-2, 9, 14-15 have been included, with redactions applied.

CONFIDENTIAL

City.Docs.00431

Traffic and Safety Section. (Email, Mar. 8, 2022, Exh. D.)  At the same time, he moved Lt. Marcus Downey into the HR and Training Division to take over Lt. Goodrum's role. (*Id.*)  He did this because Lt. Goodrum had not been a good fit for the position.  (Exh. C, p. 9.) As he explained to OHR Investigators, "he lost trust in [Lt. Goodrum's] ability to do the job effectively …."  Report, p. 14. The OHR investigators determined that Chief Hayes' decision to move Lt. Goodrum was a legitimate business decision.  *Id.*



### III.  LAW

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, prohibits any covered employer from discriminating against an employee because of his or her race. *Id.*, § 2000e-2(a). It also prohibits retaliation against employees who report an employer's race discrimination or other violations of Title VII. *Id.*, § 2000e-3(a). Similarly, the Virginia Human Rights Act and the Alexandria Human Rights Code also prohibit sex discrimination and retaliation. Va. Code Ann. § 2.2-3905(B) (1), (7); Alexandria Code, § 12-4-5(a) (1), (7).

A Title VII plaintiff can prove her claim of discrimination or retaliation either through direct evidence of retaliatory or discriminatory animus or through the *McDonnell Douglas* burden-shifting framework." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 122 (4th Cir. 2021) (addressing Title VII retaliation claims); *McCollough v. Town of S. Pines*, 439 F. App'x 215, 217 (4th Cir. 2011) (addressing Title VII discrimination claims). The *McDonnell Douglas* burden-shifting analysis, which takes its name from the Supreme Court decision that created it, *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973), is a three-step process in which the burden of production shifts back and forth between the plaintiff and defendant. *Id.*, 411 U.S. at 802-03. First, the plaintiff must make an initial showing of discrimination, called the *prima facie* case. *Id.* Second, if she does this, the burden then shifts to the defendant to provide a legitimate, nondiscriminatory reason for the allegedly discriminatory employment

CONFIDENTIAL  City.Docs.00432

decision. *See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 213-14 (4th Cir. 2007). Third, if the defendant provides a legitimate, nondiscriminatory reason for its actions, the burden will then shift back to the plaintiff to show that the defendant's proffered reason is merely pretext for discrimination. *Id.*

There are two basic categories of discrimination prohibited by Title VII: discrete act claims (also called disparate treatment) and hostile work environment claims (also called harassment). These two categories are fundamentally different: "'[w]hile discrete acts are isolated events, hostile work environment claims involve repeated conduct.'" *Anderson v. Sch. Bd. of Gloucester Cty., Virginia*, No. 3:18CV745, 2020 WL 2832475, at *23 (E.D. Va. May 29, 2020) (addressing employee's ADA claims) (quoting *Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 619 (E.D. Va. 2011) (addressing claims of Title VII sex discrimination).[4]

### IV. ARGUMENT

#### A. Two of Lt. Goodrum's Claims are Untimely



#### B. The Chief did not Transfer Lt. Goodrum for Discriminatory Reasons.



---

[4] The Fourth Circuit has routinely used Title VII cases in deciding ADA cases. *See Fox v. Gen. Motors Corp.*, 247 F.3d 169, 176 (4th Cir. 2001) ("Because the ADA echoes and expressly refers to Title VII, and because the two statutes have the same purpose—the prohibition of illegal discrimination in employment—courts have routinely used Title VII precedent in ADA cases.").

CONFIDENTIAL



**C. The Chief did not Promote Courtney Ballentine Over Lt. Goodrum for Discriminatory Reasons.**



5

███████████████████████████████████

████████████████████████

### D. The Chief did not Promote Jerry Newcomb Over Lt. Goodrum for Discriminatory Reasons.

Lt. Goodrum's December 2022 non-promotion claim also fails to prove the fourth *prima facie* element. In December 2022, Chief Hayes selected Jerry Newcomb from a list of eligible candidates to fill a vacant Captain slot. Both Jerry Newcomb and Lt. Goodrum were on the list of eligibles. Lt. Goodrum is correct that he was a Category I candidate on the list. But the selection process was governed by an agreement, dated December 14, 2021, and signed by the City Manager, then-Acting Chief Hayes, and all the eligible candidates, including Lt. Goodrum. The agreement states that the Chief has "the right to select from CATEGORY II, even if there are candidates remaining in Category I." (*Id.*) Accordingly, there is nothing at all unusual about Chief Hayes selecting a candidate in Category II over candidates in Category I. As with the earlier promotion, the Chief's decision to promote Newcomb in no way creates an inference of discrimination.

Accordingly, the EEOC should dismiss this claim as unfounded.

### E. Chief Hayes Did Not Retaliate Against Lt. Goodrum.



CONFIDENTIAL                                                                                               City.Docs.00435



## CONCLUSION

Therefore, because some of his claims are untimely and all of them lack factual and legal support, the EEOC should dismiss Lt. Goodrum's Charge.

Sincerely,

/s/ Robert Porter
Robert Porter
Assistant City Attorney
Alexandria City Attorney's Office
301 King Street, Suite 1300
Alexandria, VA 22314
(703) 746-3750
robert.porter@alexandriava.gov

Enclosures: as stated.

7

CONFIDENTIAL                                                City.Docs.00436